FRANCES HARRIS *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk. November 15, 1929. — February 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Railroad, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

In an action of tort by a woman against a railroad company, the plaintiff alleged that she was injured by a spark as she was waiting upon a station platform of the defendant's railroad after alighting from one of its trains. The only evidence at the trial on the question of negligence of the defendant was testimony of the plaintiff that " something struck her chest [as the train started up,] and so she looked and saw a piece of coal right on her chest," and that it burned her; that, nearby, "smoke and soot and sparks" were coming from the train "and the piece of coal which went on" the plaintiff's "chest came from the smoke stack of the locomotive . . . it may have been about one half inch long and about half an inch wide." *Held,* that

(1) The evidence was not sufficient to warrant submission of the action to the jury;

(2) The mere happening of the accident did not show failure on the defendant's part in not providing and keeping in suitable repair the best well known practical contrivances to prevent the unnecessary escape of sparks from the locomotive.

TORT. Writ dated May 7, 1925.

In the Superior Court, the action was tried before *Keating,* J. The entire material evidence was as follows: The plaintiff testified that she took the boat at Rowe's Wharf

Station of the defendant and when the boat landed she took the train which meets the boat at East Boston; she then got off at the Beachmont Station and, while waiting at the station of the defendant, the train that she had alighted from started to go when something struck her chest and so she looked and saw a piece of coal right on her chest and she then went to throw it off and by throwing it off it went further down on to her stomach; she saw the coal and it came from the chimney of the defendant's train while she was standing on the platform of the station; she was seven feet away from the track and six or seven feet away from the engine; there was smoke and soot and sparks coming from the train and the piece of coal which went on her chest came from the smoke stack of the locomotive; it may have been about one half inch long and about half an inch wide and it burned her; it did not burn her clothing. In cross-examination she testified: She was not paying any attention to the engine and the first time she looked towards the engine was just as soon as the piece of coal struck her; that it was only after the piece of coal struck her that she looked toward the engine; that she also looked up toward the engine before the piece of coal struck her; that she was looking both ways; that she was looking at the smoke and looking at her folks coming off the train; the engine was puffing and there was smoke and cinders coming out of the chimney of the locomotive. The first time she saw the piece of coal was when it struck her on the chest and she put up her hand to shake it off. It stayed in her clothing until she got home. She did not have the piece of coal in court.

Elizabeth Helvitz, a witness called in behalf of the plaintiff, testified she was with the plaintiff; she did not see the piece of coal until after they got home and the plaintiff undressed; there was a lot of smoke and cinders coming out of the smoke stack; the piece was about half an inch in diameter; the plaintiff was burned in the chest and it fell into her clothes and went down by the plaintiff's waist line.

At the close of the evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*F. D. Harrigan,* for the plaintiff, submitted a brief.

*T. Kelly,* for the defendant.

WAIT, J. The plaintiff was injured by a spark as she was upon a station platform of the defendant's railroad. Nearby "smoke and soot and sparks" were coming from a train "and the piece of coal which went on her chest came from the smoke stack of the locomotive." "It may have been about one half inch long and about half an inch wide." Nothing more appeared in evidence to indicate negligence of the defendant contributing to the accident. This was not enough to require that the case be sent to the jury. The judge was right in directing a verdict for the defendant.

The mere happening of the accident did not show failure on the defendant's part "in not providing and keeping in suitable repair the best well known practical contrivances to prevent the unnecessary escape of sparks from the locomotive." *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16, 18. It is not a case of *res ipsa loquitur.* The injury "may have arisen merely as an unavoidable accident from the careful and skilful exercise of [the defendant's] lawful rights in spite of the observance of all proper precautions." *Carney* v. *Boston Elevated Railway,* 212 Mass. 179, 180. No testimony was introduced to show any failure on the part of the railroad corporation in equipping its locomotive, or in neglecting to repair any defect which it knew or should have known to exist. In principle the case is controlled by *Shine* v. *New York, New Haven & Hartford Railroad,* 236 Mass. 419, and *Wallace* v. *New York, New Haven & Hartford Railroad, supra.*

*Judgment for the defendant.*