MARY SCOTT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    April 13, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Street railway.  *Evidence*, Presumptions and burden of proof.

Evidence, at the trial of an action of tort against a street railway company for personal injuries sustained when a window in a car in which the plaintiff was riding fell on the plaintiff's arm, that when the plaintiff boarded the car it just had come from a car barn and that there were no passengers in it before it stopped to admit the plaintiff and others; that the window catch was loose, and that the conductor "tried very hard to hold the window, but it wouldn't stay up," warranted a finding that the plaintiff's injuries were caused by a window catch which was defective by reason of negligence of the defendant.

TORT.   Writ dated September 19, 1927.

In the Superior Court, the action was tried before *Fosdick*, J.  Material evidence is stated in the opinion.  The judge ordered a verdict for the defendant, and the plaintiff alleged exceptions, it being agreed that if the ordering of the verdict was error, judgment was to be entered for the plaintiff in the sum of $1,000.

*P. J. Delaney,* for the plaintiff.

*A. F. Bickford,* (*F. C. Haigis* with him,) for the defendant.

CARROLL, J.  This is an action of tort for an injury sustained by the plaintiff while a passenger on one of the defendant's cars, alleged to have been caused by the falling of a window.

The plaintiff testified that on the morning of June 17, 1927, she boarded one of the defendant's cars at Lake Street, Brighton, and sat in the second seat from the front; that at this seat the window was open all the way to the top and no one had gone near it from the time she entered up to the time the accident happened; that ". . . [she was] just about five minutes on the car when all of a sudden . . . [she] felt this awful blow, the window . . . fell and struck . . . [her] in the arm"; that "she pulled her arm out from where it was caught between the lower sash of the window and the sill"; that as "she pulled her arm out, the window closed completely"; that the window catch "on the left hand side of the window" was loose and could not "hold the window up"; that the conductor "tried very hard to hold the window, but it wouldn't stay up, the catch was loose."  The plaintiff further testified that the place where she boarded the car was the beginning of the trip to Boston; that she saw the car coming from the car barn — it was not at Lake Street when she came there, she waited about five minutes before it came to the place where she stood; that she did not see it before it came from the car barn; that she was not the first to board the car, there were others "who got on ahead of her."  A verdict was ordered for the defendant.  The plaintiff excepted.  It was stipulated that if the direction of the verdict was error, judg-

ment was to be entered for the plaintiff in the sum of $1,000.

The unexplained falling of a window in a car is not evidence of negligence. *Luca* v. *Eastern Massachusetts Street Railway*, 271 Mass. 432. In the case before us there was evidence from which the jury could infer that the falling of the window · resulted from the defendant's negligence. The car had just departed from the car barn on the morning of June 17. Apparently it had been in the exclusive control of the defendant. No one was seen to touch the window, and when the plaintiff boarded the car with others, she went at once to this second seat from the front. The window fell, it could have been found, because the catch was loose and defective and did not hold the window. The conductor "tried very hard to hold the window, but it wouldn't stay up, the catch was loose."

On this evidence, with the car coming from the immediate control of the defendant, it was for the jury to say whether this defective window catch resulted from the defendant's negligence. It could have been found that the catch was in the same condition when the car left the car barn and that the defect could have been discovered and remedied. *White* v. *Boston & Albany Railroad*, 144 Mass. 404. See *Magee* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 111, 113; *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 191; *Silva* v. *Boston & Maine Railroad*, 204 Mass. 63, 70; *Craft* v. *Boston Elevated Railway*, 211 Mass. 374, 376. The fact that other passengers boarded the car before the plaintiff does not explain the defective· condition of the window catch. As we interpret the record, no passengers were in the car before it stopped to permit the plaintiff with other passengers to board it.

The cases of *Goddard* v. *Boston & Maine Railroad*, 179 Mass. 52, *Lyons* v. *Boston Elevated Railway*, 204 Mass. 227, *Hotenbrink* v. *Boston Elevated Railway*, 211 Mass. 77, *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362, and *Harris* v. *Boston, Revere Beach & Lynn Railroad,* 270 Mass. 400, relied on by the defendant, are not in conflict.

As the case should have been submitted to the jury the

exceptions must be sustained. In accordance with the stipulation judgment is to be entered for the plaintiff in the sum of $1,000.

*So ordered.*