## Newton v. Wetherby's Adm'x.

May 23, 1941.

Woodward, Dawson & Hobson for appellant.

Edward J. Hogan and Edwin O. Davis for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, James E. Newton, Jr., brought this action against the appellee, administratrix of the estate of Dr. Alfred D. Wetherby, for damages for personal injuries received when appellant was thrown from Dr. Wetherby's automobile. At the conclusion of appellant's testimony a verdict was directed for appellee and from the judgment entered on that verdict this appeal is prosecuted.

The appellant, at the time in question, was a bright, unusually intelligent boy two weeks short of eleven years of age. Dr. Wetherby, who resided near Middletown, had a four-year-old son whom he frequently took with him on his calls and was in the habit of taking older boys along as company for, and to take care of, his son while he was left in the car. On the occasion in controversy he took the appellant along for this purpose and, after making a call in Louisville, stopped at St. Matthews to enter a store. The two boys also left the

parked car and returned to it before Dr. Wetherby, who, on returning, entered the car from the driver's side and thereupon drove towards Middletown on Highway 60.

The appellant, after he entered the car, closed the door but only one latch was fastened, the latch being the double one usually found on automobile doors. After the car had traveled about a mile the appellant, observing that the door was fastened only on one latch and was "making a good deal of noise" attempted to open it for the purpose of closing it tightly—as he said, "I was going to shut it right quick." The car was a Ford V-8, current year model, and the door was hinged at the rear, opening from the front towards the rear. When appellant opened the door the rush of air threw the door violently open and appellant was thrown from the car and injured. When asked if the car door was making enough noise for Dr. Wetherby to hear it, appellant said, "I should imagine so." It is apparent from appellant's testimony that he knew the difference between doors hinged at the front and those hinged at the rear and, in view of his statements that he was going to shut the door right quick, it seems that he knew of the danger of the door being blown open.

For a reversal of the judgment is is urged, first, that a prima facie case of negligence was established by the proof that the car was traveling at the speed of 50 miles per hour since Kentucky Statutes, Section 2739g-51, provides that a speed of more than 40 miles per hour shall be prima facie evidence of unreasonable and improper driving. We are not in agreement with this argument for the reason that the statute in question is one dealing with the hazards of traffic and conditions of the highway. It prohibits a speed greater than is reasonable or proper, "having regard for the traffic and the use of the highway" and was not intended to create a presumption of negligence as to accidents having no relation to traffic and road conditions. The accident in question was wholly unrelated to traffic and highway conditions—it would have occurred regardless of the condition and use of the highway and in the absence of any traffic whatever.

It is next contended that Dr. Wetherby was guilty of negligence in failing to make an inspection of the door to see if it was securely latched before starting the car

and in failing to shut the door after he knew, or should have known, that it was not tightly latched.

We do not agree that the evidence was such as to impose on Dr. Wetherby the duty to inspect the door. The evidence shows that appellant knew as well as an adult the necessity of the car door being closed—in fact, he apparently displayed more knowledge of cars and car doors than the ordinary adult. We see no duty on the part of the driver of a car to see that doors are securely fastened owing to persons who fully know and understand the necessity that they should be fastened. As a matter of fact, the door was closed and caught on the safety latch and was perfectly safe and would have continued to be so had not appellant attempted to close it more tightly.

Nor do we think the evidence was sufficient to establish that Dr. Wetherby knew, or should have known, that the car door was insecure. The appellant said it was making noises and that he saw a little crack and knew that it was not fastened on the first latch—he imagined Dr. Wetherby heard it. This is insufficient to warrant the presumption that Dr. Wetherby did hear the noise or that, if he heard it, he realized that it was from the door. The plaintiff must prove his case and may not rely on speculation or unjustifiable inferences to make one out for him.

But though it be assumed that Dr. Wetherby was negligent, it seems clear that such negligence was not the proximate cause of appellant's injuries. When an independent act intervenes between a defendant's negligence and the injury sustained, such act breaks the causal connection between the negligence and the damage. And where the negligence does nothing more than furnish a condition or give rise to the occasion by which an injury is made possible it cannot be made the basis of a recovery if there intervenes between it and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except by reason of the independent cause such condition was not the proximate cause. Proximate cause is that which, in a natural and continual sequence, unbroken by any new, independent cause produces the injury, and without which the injury would not have occurred. 45 C. J. 928; Logan v. Cincinnati, N. O. & T. P. Ry. Co., 139 Ky. 202, 129 S. W. 575; City of Louisville v. Hart's Adm'r, 143

Ky. 171, 136 S. W. 212, 35 L. R. A., N. S., 207; Gaines' Adm'x v. City of Bowling Green, 235 Ky. 800, 32 S. W. (2d) 348. Any negligence of which Dr. Wetherby might have been guilty did nothing more than furnish a condition or occasion connected with the accident. No danger existed, because the door was latched and would have stayed latched, although it might have been making noise, and it was only the independent act of appellant in attempting to open and close the door which caused the accident, and an independent act which Dr. Wetherby was under no duty to anticipate.

The identical question was presented for decision in Huebner v. Fischer et al., 232 Wis. 600, 288 N. W. 254, 256, except that the plaintiff apparently was an adult. There, the court said:

> "Putting her hand on the handle of the door, obviously for the purpose of opening the door and releasing her coat, which resulted in the door swinging wide open and pulling her out, was the sole cause of her injury. * * * Had she not put her hand on the door handle the accident would not have happened. We think it clear, therefore, that the trial court should have granted defendant's motion for a directed verdict * * *."

Our conclusion is the same as that of the Wisconsin court, that appellant's action in opening the door was the sole cause of the accident. Neither Dr. Wetherby's failure to see that the door was tightly closed nor his speed of 50 miles per hour, though such acts be deemed negligent, was the proximate cause of the accident since the accident was not the natural and probable consequence of the negligence nor one which might reasonably have been anticipated.

Judgment affirmed.