KAREN M. McKNIGHT *vs.* RED CAB COMPANY.

Suffolk.    December 3, 1945. — January 8, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Taxicab.

Evidence that, when a motor taxicab, not shown to have been negligently driven, made a sharp turn to its right into an intersecting street, a young child, seated at the left end of the rear seat, was thrown forward and lost his balance, the door at his left, due to the strain upon it caused by the sharp turn, swung open without anyone's coming in contact with it and the child fell out, warranted a finding either that the catch on the door was defective or that the door had been insecurely closed, and warranted a conclusion of negligence on the part of the proprietor of the cab.

TORT. Writ in the Superior Court dated October 4, 1943. The case was tried before *Forte*, J.

*J. W. Lobdell*, for the defendant.

*M. Palais*, for the plaintiff.

RONAN, J. The plaintiff, three and one half years old, her sister, two years old, her mother and her grandmother entered the defendant's taxicab through the right hand rear door and sat on the rear seat. The plaintiff was seated on the extreme left and her sister sat next to her. The taxicab proceeded only a short distance when it made a very sharp turn to its right into an intersecting street, and this movement of the taxicab caused the plaintiff, her mother and her grandmother to be thrown forward and to lose their balance. The left hand door swung open, and the plaintiff went through the door and landed upon the street. The jury returned a verdict for the plaintiff. The defendant excepted to a denial of its motion for a directed verdict and to portions of the charge.

The defendant raises no question concerning the due care of the plaintiff or of her mother, her custodian, but contends that the evidence is insufficient to prove negligence upon its part. In the absence of anything appearing in the record, the turning of the taxicab to the right might have been entirely due to traffic conditions existing at the time and did not constitute any evidence of negligence in the operation of the taxicab, and this is true even if the turn was so sudden or sharp as to disturb the positions of the passengers on the rear seat. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124. *Bartlett* v. *Town Taxi Inc.* 263 Mass. 215. *Conley* v. *Town Taxi, Inc.* 298 Mass. 130.

The plaintiff contends that it was negligence for the defendant to permit the rear left door of the taxicab to remain in such a condition that it would swing open when the vehicle turned to the right. The evidence was ample to warrant a finding that none of the passengers had touched this door or that it was forced open by the plaintiff's body coming in contact with it. The jury could find that the strain upon the door due to the right hand turn of the taxicab caused the door to fly open. They could find that if the door was securely fastened when the trip began, then the catch designed to keep it closed was defective and permitted the door to be released. If the jury came to that conclusion, as they properly could, they could find that the defendant was negligent. *Silva* v. *Boston & Maine Railroad*, 204 Mass. 63. *Kellogg* v. *Boston & Maine Railroad*, 210 Mass. 324. *Scott* v. *Boston Elevated Railway*, 276 Mass. 21.

The jury could have adopted another aspect of the evidence and could have found that the door was shut but that it was not securely fastened at the time the trip began, and that this was the cause of the door opening as the taxicab was making the curve. There was no evidence as to who left the door in that condition or how long such a condition existed before the plaintiff became a passenger. *Hunt* v. *Boston Elevated Railway*, 201 Mass. 182. *Casey* v. *New York, New Haven & Hartford Railroad*, 207 Mass. 443. But the operator could have easily and quickly ascer-

tained whether the door was properly closed. It is known that the motion of an automobile generally causes a door that is closed but not fastened to vibrate and rattle and to produce an appreciable noise. The operator of the taxicab knew that two small children were seated near the left door. He must be assumed to have known that he might be required to change the course of the taxicab suddenly and sharply on account of traffic conditions and that, if the door was in such condition that a change in the course of the vehicle would cause it to swing open, it was reasonably probable that one of the children might incur serious injury. We think that it could be found that the operator knew or ought to have known that the door was insecurely fastened, and that it was negligence not to have secured the door before he began to transport the plaintiff. *Moulton* v. *Boston Elevated Railway,* 236 Mass. 234. *Scott* v. *Boston Elevated Railway,* 276 Mass. 21. *Facteau* v. *Gould,* 310 Mass. 105. *Slobodnjak* v. *Coyne,* 116 Conn. 545. *Roberts* v. *Economy Cabs, Inc.* 285 Ill. App. 424. *Peterson* v. *De Luxe Cab Co.* 225 Iowa, 809. *Jude* v. *Jude,* 199 Minn. 217. *Adams* v. *Le Bow,* 236 Mo. App. 899. *Richardson* v. *Portland Trackless Car Co.* 113 Ore. 544. *McCormick* v. *Index Stages, Inc.* 137 Wash. 507.

The facts are distinguishable from those in *Caverno* v. *Houghton,* 294 Mass. 110, where a guest who fell through the door of an automobile which flew open was denied recovery because there was no evidence of the failure of any duty that the defendant owed her with respect to the door. Here, the defendant was bound to exercise toward the plaintiff, a passenger, that degree of care that the law imposes upon a common carrier to see that the door was sufficiently secured in order to withstand the centrifugal strain arising from the ordinary operation of its vehicle.

The defendant saved an exception to a portion of the charge consisting of about four printed pages. It did not point out to the trial judge in what respect the charge was erroneous. It was the duty of the excepting party to direct the attention of the judge to the nature of his supposed error. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 111. An omnibus

exception to the whole or a major portion of a charge cannot be sustained. *Lane* v. *Epinard,* 318 Mass. 664, 668. We do not intimate that there was any error in the charge relative to what was stated in regard to the door being insecurely fastened, or in what was said concerning the alleged historical background of the rule establishing the degree of care owed by a common carrier to a passenger.

*Exceptions overruled.*