HARDY, Judge.
This is an action ex delicto and defendant has appealed from judgment in favor of plaintiff in the principal sum of $1,870.-00. Plaintiff has answered the appeal, praying for an increase in the amount of the award.
The issues presented herein are purely factual for there can be no dispute as to the legal principles urged by counsel for defendant, namely, that negli *783 gence is never presumed; must be established with reasonable certainty by a preponderance of the evidence, and contributory negligence, however slight, which is causally connected with the accident is sufficient to bar recovery. The questions presented are therefore reduced to the correctness, vel non, of the factual findings of the trial judge, which he concluded established negligence on the part of defendant’s assured and failed to confirm the contention of contributory negligence as against plaintiff.
Plaintiff, a negro woman, six feet two inches, in height, weighing some 200 pounds, at and before the time of the accident which is the basis of this suit, was engaged as a domestic servant regularly in the employment of a Mrs. H. M. Browning of Homer, Louisiana, but occasionally performed additional domestic services for Mrs. J. P. Bailey, defendant’s assured. In the late afternoon of November 23, 1959, plaintiff had been assisting Mrs. Bailey in the performance of certain household duties, and upon finishing her work was being driven to her home by Mrs. Bailey in the latter’s car, on which vehicle there was in force and effect a policy of liability insurance issued by the defendant, Firemen’s Insurance Company of Newark, N. J. After leaving her home, Mrs. Bailey picked up a neighbor, Mrs. A. C. Hawkins, to accompany her on the trip. At or shortly after the time Mrs. Bailey was engaged in making an acutely angling right turn from East Third Street into what was known as the White Lightning Road, Mrs. Hawkins noted that the left rear door of the Bailey car was open or insecurely closed and directed plaintiff, who was seated on the right side of the rear seat, to close the door. As plaintiff unsuccessfully attempted to reach the door from the position on the opposite side of the car she was apparently thrown off balance, by some unexpected action of the vehicle, caught the left center post with her left hand, which was trapped and tightly caught by the slamming shut of the door. Plaintiff, in immediately agonizing pain, unable to speak, attracted the attention of Mrs. Bailey by touching her upon the shoulder, whereupon the car was brought to a stop. Wedged by plaintiff’s hand, the door was difficult to open, but this was accomplished by Mrs. Bailey, from a position outside the car, after some two or three efforts, and plaintiff’s hand released, whereupon she was immediately taken to the hospital for medical attention.
Charges of negligence against Mrs. Bailey, defendant’s assured, rest upon the contentions (1) that she had negligently failed to close, or had only partially closed, the left rear door of her automobile; that after it was noticed that the door was ajar, or open, and plaintiff was directed to close same, Mrs. Bailey negligently continued the vehicle in motion, and, finally (3) that some sudden maneuver of the automobile, either by change of direction or application of brakes, was the proximate cause of the accident in slamming the door shut on plaintiff’s hand as she was attempting to prevent losing her balance and being thrown from the car.
The charges of negligence and contributory negligence on the part of plaintiff asserted by way of defense rest upon the claims (1) that she placed her hand in the door facing and closed the door thereupon; (2) that she failed to take necessary precautions for her own safety while attempting to close the automobile door while the car was in motion, and (3) that she failed to maintain a proper lookout with respect to her actions.
On trial of the case, in addition to plaintiff, both Mrs. Bailey and Mrs. Hawkins testified with reference to such facts as were within their knowledge leading up to and during the actual occurrence of the accident. On behalf of defendant the only testimony with respect to the facts involved was that of Mr. B. R. Parker, an agent of the General Adjustment Bureau, who investigated the case on behalf of defendant and took a statement from Mrs. Bailey *784 with reference to the accident some four and one-half months after its occurrence.
In a well considered written opinion the district judge carefully reviewed the testimony of the witnesses in the case and reached the conclusions that the negligence of defendant’s assured was the sole and proximate cause of the accident and that plaintiff was free from any act of negligence on her part.
Before this court, as before the trial court, counsel for defendant has insistently contended that the substantial differences between the statement given by its insured, Mrs. Bailey, to the adjuster and her testimony on trial, served to destroy the credibility and weight of her testimony. There is no question as to the fact that substantial and material discrepancies exist between the statement written by defendant’s adjuster, and signed both by Mrs. Bailey and Mrs. Hawkins, and the testimony of these individuals on trial of the case. However, there is also a substantial variation between the testimony of Mrs. Bailey and the testimony of defendant’s witness, Parker, as to the narration of facts included in the statement which was written by Parker. In her testimony on trial, Mrs. Bailey completely repudiated a number of the factual details contained in the statement. There is also a difference between these parties as to whether Mrs. Bailey read the statement after it had been written by Parker. Counsel for defendant also argues that the testimony of Mrs. Bailey was clearly slanted and biased ; that her attitude on trial was extremely hostile toward the defendant, her insurer, and designed to assist plaintiff in the collection of damages.
Our examination of the record fails to impress us with the validity of counsel’s arguments, the substance of which is above delineated. Despite the variances between the statement procured by the adjuster and the testimony on trial, we are unable to find any indication that her sworn testimony on trial of the case should be disregarded. During the course of lengthy examination and searching cross examination, Mrs. Bailey testified in elaborate detail, and, so far as can be discerned from the record, her testimony is entitled to complete acceptance. However, even if Mrs. Bailey’s testimony is entirely excluded from consideration, we think the testimony of plaintiff and Mrs. Hawkins is more than sufficient to establish, by the required preponderance of the evidence, both the negligence of Mrs. Bailey, the driver of the vehicle, and the freedom from negligence, contributing in any degree to the occurrence of the accident, on the part of the plaintiff.
This is one of those cases involving factual issues where an appellate tribunal must accord exceptional weight to the factual findings of the trial judge. Careful examination of the written opinion in connection with the actual testimony of the witnesses confirms us in the conclusion that the findings of the trial judge are free from any nature of reversible error and are in complete accord with our appreciation of the established facts.
Nor do we find any error with respect to the amount of the judgment in favor of plaintiff. The testimony of Drs. W. P. Gladney and S. A. Tatum, both of whom were treating physicians and appeared as witnesses on behalf of plaintiff, stands uncontroverted. It is abundantly clear from the testimony of these physicians that plaintiff suffered severe pain for a considerable period of time following the accident and was continuing to suffer, to some extent, even at the time of trial of this case some eighteen months thereafter. While plaintiff’s total loss of earnings was confined to a period of about two weeks, there is no question as to the fact that she sustained, and will continue to sustain, a substantial diminution of her earnings over an extensive period of time. Under the circumstances, we cannot find *785 that the award was either inadequate or excessive.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.