ANTHONY O'TOOLE *vs.* JOHN MURPHY & another.[1] March 31, 1965. As to count 1, exceptions overruled. As to count 2, exceptions sustained. In this action of tort, based upon the negligent operation of a motor

---

[1] Medford Red Cab, Inc.

vehicle, the judge at the close of the evidence correctly directed a verdict for Murphy, the defendant operator, under count 1 on the inferable grounds of a variance between the pleading and the proof. *Posell* v. *Herscovitz*, 237 Mass. 513, 517. *Donahue* v. *Kenney*, 330 Mass. 9, 12. *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 411. *Puro* v. *Heikkinen*, 316 Mass. 262, 266. *Manning* v. *Loew*, 313 Mass. 252, 254. *Cheng* v. *Chin Wai Yip*, 339 Mass. 173, 174–175. *Payne* v. *R. H. White Co.* 314 Mass. 63, 67. Count 2, however, sufficiently averred that the plaintiff was a passenger for hire in the vehicle owned by the defendant Medford Red Cab, Inc., with the result that the plaintiff could recover on proof of ordinary negligence. Evidence that the operator, when there was no traffic and the roadway was dry, made a sharp turn from one street into another at a speed of thirty miles an hour and that when he did so the right door opened with the result that the plaintiff fell into the street raised issues of negligence and contributory negligence which should have been submitted to the jury. *McKnight* v. *Red Cab Co.* 319 Mass. 64. It was error to direct a verdict for the defendant on count 2.

*Ronald J. Chisholm* for the plaintiff.

*Richard K. Donahue*, for the defendants, submitted a brief.