CHRIS T. BARNETTE, Judge
pro tem.
This is an action in tort by plaintiff, The National Co., Inc., d/b/a The National Roofing and Siding Co., for the recovery of property damages from defendant, Willie Boyd.
Plaintiff brought suit in First City Court of New Orleans. There was first a judgment of non-suit, then the trial judge granted a new trial to hear the testimony of the two policemen who investigated the accident. After hearing the testimony of the policemen, judgment was rendered in favor of defendant, dismissing plaintiff’s suit. The plaintiff has appealed from that judgment.
This action arises from an automobile accident between a vehicle driven by plaintiff and a vehicle driven by defendant. The collision occurred at the intersection of Toledano Street and South Derbigny Street in the City of New Orleans.
Plaintiff contends that as he was turning left onto South Derbigny Street from Toledano Street his car was struck by defendant’s car which was traveling on South Derbigny and had reached the neutral ground of Toledano.
Defendant contends that he had reached the neutral ground of Toledano, had stopped, and was waiting for plaintiff to complete his left turn onto South Derbigny before he would turn left onto Toledano. Defendant contends that while he was in the stopped position the plaintiff turned left onto South Derbigny, but did so too sharply and as a result thereof ran into defendant’s car.
The defendant is substantially corroborated by his wife and daughter.
The two police officers who investigated the accident testified that the defendant told them that “he pulled into the neutral ground and saw vehicle #1 [plaintiff] turn and he thought he would miss him but when he saw he would hit vehicle #1 [plaintiff] he applied his brakes and it was too late”.
A plaintiff must establish his cause by a fair preponderance of evidence. Bougon v. Traders & General Insurance Company, 146 So.2d 535 (La.App. 4th Cir. 1962); Taylor v. Firemen’s Insurance Co. of Newark, N.J., 139 So.2d 782 (La.App. 2d Cir. 1962); Dyer v. Stephens Buick Co., 125 So.2d 185 (La.App. 4th Cir. 1960).
In Parker v. Dixie Moving & Storage, Inc., 157 So.2d 627, 628 (La.App.2d Cir. 1963), the Court said:
“ * * * it may be observed that the contradictory testimony of the witnesses cannot be reconciled, and it follows that plaintiffs’ claims must fail because of a lack of a preponderance of the evidence.”
The conclusion to be reached from our failure to find that plaintiff’s contentions are any more logical or believable-than defendant’s is that plaintiff has not carried his burden of proof of negligence-on the part of defendant.
In accordance with the conclusions, reached above we affirm the dismissal of the plaintiff’s claim at his cost
Affirmed.