185 So.2d 896 (1966)
Mary Viola FONTENOT, Plaintiff-Appellee,
v.
FIDELITY GENERAL INSURANCE COMPANY, Defendant-Appellant.
No. 1685.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1966.
Rehearing Denied May 18, 1966.
*897 Nelson & Nelson, by J. Thomas Nelson, New Orleans, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Miss Fontenot fell out of a moving taxicab. She sues the taxicab's liability insurer to recover for her personal injuries. The defendant insurer appeals from adverse judgment awarding the plaintiff damages.
The issues raised by the defendant's appeal concern: (a) whether the trial court erred in accepting the factual version of the accident to which the plaintiff testified at the trial; (b) if not, whether the defendant's insured, the taxicab company, was primarily negligent under such version; and (c) if so, whether under such version the plaintiff's own testimony does not show her to be contributorily negligent.
(a) Facts, undisputed and disputed.
The plaintiff Miss Fontenot received personal injuries when she fell one afternoon from a moving taxicab in which she was a farepaying passenger. At the time, the driver was executing a left-hand turn at approximately twenty miles per hour; the plaintiff, who had been seated in the right rear of the cab about 12-18 inches from the right door, fell from this opening right rear door.
At the trial, she testified that the right door opened as the cab turned left around the corner. In her words, "* * * the door opened and I try to catch it and that's when I flew out". Tr. 42. Or as she also stated: "* * * when the door open, I try to catch it, it opened wide and it came back towardyou know, toward the taxi, and I try to catch it and that's when the pressure pulled me out." Tr. 43. Thus, in this version the door opened unexpectedly and the plaintiff was pulled out as she attempted to close it.
*898 The defendant's able counsel contends, however, that the true version of the accident is as allegedly stated to the taxicab driver immediately after the accident, namely, "she told me the door was not closed well, she tried to close it", Tr. 107; that is, that she tried to open and close the door while the taxi was in motion and fell out in the attempt. (Under this version, of course, the plaintiff Miss Fontenot's conduct in opening a door in a moving and turning taxicab, more probably constituted fault causing or contributing to the accident as unreasonably exposing herself unnecessarily to the unreasonable risk caused by her opening the door. See Guillory v. Allstate Insurance Co., La.App. 3 Cir., 185 So.2d 905, Docket No. 1677, rendered this date; Newton v. Wetherby's Adm'x., 287 Ky. 400, 153 S.W.2d 947, 1941; Huebner v. Fischer, 232 Wis. 600, 288 N. W. 254, 1939.)
This version was allegedly repeated twice: (1) to an insurance adjuster for the defendant, who typed a statement to this effectwhich the plaintiff, however, had refused to sign; (2) to a hospital clerk at the time of admission, see D-3 Tr. 24 but, pretermitting whether such hearsay statement is admissible under the business record exception, the testimony of the hospital clerk who made the statement was not produced to prove where she had obtained such information, from the patient Miss Fontenot or instead from those with interests adverse to her such as the taxicab company or the local insurance agency (from which certain other information on the form was obviously obtained, such as the name of the agency which issued liability insurance to the taxicab company and such as the name of the adjuster to whom to send any medical report).
We find no error in the trial court's acceptance of the plaintiff's testimony at the trial as truthful and, consequently, in finding factually that the accident occurred as stated by her. Not only did the attending physician state that she had consistently informed him that the accident had so occurred (see also his dictated history, P-1 Tr. 20), explaining that any notation to the contrary (such as D-2 and D-3) must have been the error of an admitting clerk.
More important, the evaluation of credibility is primarily within the province of the trier of fact. In performing this function, a trial court may not commit manifest error by discarding a witness's sworn trial version in favor of earlier inconsistent ones given by the witness. Robinson v. Dupuy Storage and Forwarding Co., La.App. 4 Cir., 137 So.2d 474; Newman v. Fidelity Mutual Insurance Co., La. App. 1 Cir., 86 So.2d 404. However, neither is manifest error committed where, as here, the trial court accepts the witness's sworn version over earlier nonsworn versions. Taylor v. Firemen's Insurance Co., La.App. 2 Cir., 139 So.2d 782; Dixon v. Jenkins, La.App. 4 Cir., 139 So.2d 49; Fruge v. White, La.App. 3 Cir., 125 So.2d 426.
(b) Negligence of taxicab carrier.
The plaintiff was injured while riding as a farepaying passenger in the taxicab insured by the defendant.
The law applicable to the taxicab carrier's standard of care and burden of proof has been summarized with supporting citations in Wise v. Prescott, 244 La. 157, 151 So.2d 356, 357, 359, as follows: The mere showing of injury to a farepaying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. A public carrier of passengers while not an insurer must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference *899 to the exercise of such case. See 14 Am. Jur.2nd "Carriers", Section 918, p. 352.
Generally speaking, the operator of a private vehicle is under no duty to see that his passenger's door is securely fastened (although he may be liable if he undertakes to close the door and does so negligently, with the result that it later flies open). 8 Am.Jur.2d "Automobiles and Highway Traffic", Section 503, p. 66. However, a different rule applies as to a public carrier.
In keeping with its high degree of care to passengers and with its burden of proving its own freedom from the slightest negligence when a passenger is injured, a taxicab company is negligent when for unexplained causes its door swings open and a passenger falls out. McKnight v. Red Cab Co., 319 Mass. 64, 64 N.E.2d 433 (1946); Roberts v. Economy Cabs, Inc., 285 111.App. 424, 2 N.E.2d 128 (1936). Cf. also: O'Toole v. Murphy, Mass., 206 N.E.2d 88 (1965); Shay v. Parkhurst, 38 Wash.2d 341, 229 P.2d 510 (1951); Butler v. McCalip, D.C.Mun.App., 54 A.2d 644 (1947). See Annotation, Open Vehicle DoorCarrier's Liability, A.L.R.2d 1427, Sections 12, 16.
In the present instance, the plaintiff passenger stated that she had gotten in the cab through the right door and that it seemed securely closed, although it later flew open. The driver admitted that he had not checked to see if the door was properly closed, nor had he cautioned his passenger to check the door. Under the evidence, the right door flew open for unexplained cause, as the 1953 Chevrolet taxicab involved in the 1965 accident turned leftwards at the corner at moderate speed. The carrier operating the taxicab has not, in our opinion, exculpated itself from the prima facie case of negligence imposed upon it by law when injuries result to a farepaying passenger.
The negligent opening of the carrier's door was undoubtedly a proximate cause of the plaintiff's injuries: It was a substantial factor in bringing about the harm sustained by the plaintiff, and the risk or harm of the plaintiff falling from the door was within the scope of protection to passengers afforded by the carrier's general duty not to permit doors to open in transit. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298, Dartez v. City of Sulphur, La.App. 3 Cir., 179 So.2d 482. In this regard, incidentally, we find inapplicable jurisprudence from other jurisdictions with a different test as to proximate cause, under which the prior negligence of a carrier in such respect is considered superseded as a proximate cause of the accident by the intervening negligence of the passenger. Gray v. Brown, 188 Tenn. 152, 217 S.W.2d 769 (1948). See also Newton v. Wetherby's Adm'x., 287 Ky. 400, 153 So.2d 947 (1941).
(c) Contributory negligence.
Nevertheless, a very close question is presented as to whether or not the present passenger was contributorily negligent in reaching for the open door in order to close it while the taxicab was in motion. It is argued strongly that perhaps instead the passenger should have shouted to the driver to stop or else attempted to move away from the opened right door, towards which centrifugal force would tend to push her while the taxicab turned left.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause cooperating with the negligence of the defendant in bringing about the plaintiff's harm. Restatement of Torts 2d, Section 463. The standard of conduct to which a person must conform for his own protection is that of a reasonable man under like circumstances. Id. Section 464(1). See Sloan v. Flack, La.App. 3 Cir., 150 So.2d 646.
*900 In determining whether a person's conduct is contributory negligence, it is indeed proper to take into consideration the fact that he is confronted with a sudden emergency which requires rapid decision. Id., Section 470. Under the sudden emergency doctrine, an otherwise negligent act is held excusable on the ground that the actor was confronted by a sudden emergency created solely by the negligence of others, in which event any misjudgment may be excused if consistent with the ordinary prudence of a reasonable man suddenly confronted with like circumstances. Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50, 58; Fontana v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 173 So.2d 284.
Judged by this standard, and considering that the defendant has the burden of proving contributory negligence (Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 245), we have concluded that the trial court did not commit error in holding the plaintiff passenger free of negligence contributing to the accident. She reached to close the door which suddenly opened as she sat just 12-18 inches from it. Although time for reflection might have indicated another course of action preferable, instinctive self-preservation dictated an immediate reach to close the door to end the sudden danger threatening her.
The present is to be distinguished from instances where the passenger's attempt to close the opening door involved an unreasonably great exposure to injury to self under the circumstances, so that the passenger's right to recovery was barred by her own negligence. Guillory v. Allstate Insurance Co., La.App. 3 Cir., 185 So.2d 905 (rendered this date); Gray v. Brown, 188 Tenn. 152, 217 S.W.2d 769 (1949). Therein, the potential danger of injury from the opening door was less and the passenger's maneuver to close it involved a more readily appreciable and greater obvious danger to self than in the present case. Even considering the sudden emergency, the ultra-hazardous maneuvers of the passengers constituted therein an unreasonably great danger of injury to self.
Here, on the other hand, the passenger's immediate reach for the suddenly opening door did not involve any deliberate unbalanced protrusion from the cab. She simply reached immediately and was pulled from the cab by the opening door or the centrifugal force or both. We are unable to say that the passenger's conduct fell below the standard of conduct required of a reasonably prudent person for his own safety under similar circumstances. Cf., Taylor v. Firemen's Insurance Co., La. App. 2 Cir., 139 So.2d 782, where a passenger was allowed recovery who was injured while similarly trying to close the door of a moving vehicle.
Conclusion.
The evidence convincingly demonstrates that the plaintiff's general and special damages justify the award of $5,000 policy limits made by the trial court.
For the reasons heretofore stated, therefore, we affirm the judgment of the trial court in favor of the plaintiff-appellee. The defendant-appellant is to pay the costs of this appeal.
Affirmed.
HOOD, Judge (dissenting).
In my opinion the conclusion reached by the majority in this case is in direct conflict with our holding in the case of Guillory v. Allstate Insurance Company, 185 So.2d 905, which is being decided by us on this date.
The fact that the plaintiff in the instant suit was a fare-paying passenger in a public conveyance did not relieve her from the duty of exercising reasonable care *901 to avoid injury to herself. She was under the same duty to protect herself from harm as is the passenger in a private automobile. Insofar as the plea of contributory negligence is concerned, therefore, the same rules or the same standards of conduct apply to her as were applied to the plaintiff in the Guillory case, supra.
The facts, as found by the majority, indicate to me that the plaintiff in the instant suit was at least as negligent as was the plaintiff in the Guillory case. In the instant suit, for instance, plaintiff reached out to close the door of the left-turning taxi after she had been riding in it for about four blocks, and while it was being driven around a corner at a speed of about 20 miles per hour. The plaintiff in the Guillory case reached for the open door of her left-turning family car immediately after the car had been started from its parked position by her husband, while it was still in the parking lot and while it was "going pretty slow." Because of the difference in circumstances, and particularly the difference in the speed of the two vehicles, I think the negligence of the plaintiff in the instant suit actually was greater than was that of Mrs. Guillory. Yet the majority has found that the latter was negligent and that plaintiff in the instant suit was free from negligence.
I feel that the plaintiff in this suit failed to exercise ordinary care and prudence for her own protection, and that her negligence in failing to do so constituted a proximate and contributing cause of the accident, barring her from recovery.
For these reasons, I respectfully dissent from the conclusions reached by my conscientious colleagues who constitute the majority.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.