286 So.2d 743 (1973)
Johnnie L. JACKSON
v.
CITY OF BATON ROUGE et al.
No. 9507.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied December 21, 1973.
Writ Refused March 1, 1974.
*744 Warren J. Hebert, Baton Rouge, for appellant.
Wm. H. Cooper, Jr., Baton Rouge, for defendants-appellees Nunnery and Sibley.
Charles N. Malone, Baton Rouge, for City of Baton Rouge.
Before LOTTINGER, SARTAIN and CRAIN, JJ.
LOTTINGER, Judge.
Plaintiff-appellant, Johnnie L. Jackson, herein sues David W. Nunnery and Herbert Larry Sibley of the Baton Rouge Police Department, as well as their employer, City of Baton Rouge, alleging injuries, embarrassment, humiliation and damaged reputation as a result of excessive force used to perfect an arrest. The Trial Court rendered judgment for the defendants at plaintiff's costs. From this judgment, plaintiff has taken this appeal.
On January 19, 1968, at about 3:00 A.M., Johnnie L. Jackson was arrested by Officers Nunnery and Sibley of the Baton Rouge Police Department and charged with operating a vehicle while intoxicated, disturbing the peace, resisting an officer, and driving without vehicle registration papers.
Plaintiff alleges that during the course of his confrontation with the defendant officers, he was assaulted. The trial judge adequately summarized the testimony in the case in his Written Reasons for Judgment, which we quote.
"Briefly, the testimony of the officers was to the effect that plaintiff reluctantly gave his driver's license when requested to do so; plaintiff cursed them and got on his car trunk and would not descend (both officers testified they had to physically remove him). Plaintiff was sprayed in the face with chemical mace in order that handcuffs could be placed on him and after being handcuffed, the officers also stated plaintiff continued to resist, attempting to kick officer Sibley in the groin, missing and kicking him on the leg, above his knee. In this struggle to get plaintiff into the police car, each officer sprayed mace. They testified, however, neither realized the other was about to spray and as a result one of the officers was sprayed to the extent that his eyes gave him considerable trouble until he washed them at the station."
* * * * * *
"Plaintiff, on the other hand, testified that he readily surrendered his license; that he did not at any time curse defendant officers; that he did not climb on the car but rather walked to the back of the car and leaned against it with his feet on the ground, offering no resistance to them and not kicking at either of the officers. No evidence was offered by plaintiff of any physical mistreatment other than the mace sprayed on him (admitted by the officers) twice by one officer and once by the other."
Plaintiff believes that the Lower Court was in error in the following respects:
1. The District Court erred in failing to find that the plaintiff's version was *745 the truth and the police officers' testimony was unworthy of belief because of the contradictions between them and between their testimony in the District Court case now on appeal before us and their testimony earlier in the City Court case involving plaintiff's arrest.
2. The District Court erred in failing to find that the force admitted to by the police officers was excessive as a matter of law.
3. The District Court erred in failing to find that the City of Baton Rouge failed to properly instruct police officers in the use of mace.
The trial judge correctly noted in his Written Reasons that in civil cases of this nature, where the testimony is in hopeless conflict, the court must require plaintiff to prove his case by a preponderance of the evidence.
The law adequately supports the trial judge in this respect. In The National Company, Inc. d/b/a The National Roofing and Siding Company v. Willie Boyd, 177 So.2d 603 (La.App., 4th Cir. 1965), the Court there, on p. 604, cited jurisprudence to support their holding:
"(1) A Plaintiff must establish his cause by a fair preponderance of evidence. Bougon v. Traders & General Insurance Company, 146 So.2d 535 (La.App.4th Cir. 1962); Taylor v. Fireman's Insurance Co. of Newark, N.J. 139 So.2d 782 (La.App.2d Cir. 1962); Dyer v. Stephens Buick Co., 125 So.2d 185 (La.App. 4th Cir. 1960).
In Parker v. Dixie Moving & Storage, Inc. 157 So.2d 627, 628 (La.App.2d Cir. 1963), the Court said:
"* * * it may be observed that the contradictory testimony of the witnesses cannot be reconciled and it follows that plaintiffs' claim must fail because of a lack of a preponderance of the evidence."
"(2) The conclusion to be reached from our failure to find the witnesses cannot be reconciled and it follows that plaintiffs' claim must fail because of lack of preponderance of the evidence."
"(2) The conclusion to be reached from our failure to find that plaintiff's contentions are any more logical or believable than defendant's is that plaintiff has not carried his burden of proof of negligence on the part of defendant."
Thus, it is clear that the trial judge's premise that the plaintiff must carry the burden of proof is correct. But, did in fact the plaintiff meet this burden by his evidence as presented at trial?
Plaintiff failed to produce any medical testimony to substantiate his claim of injury as a result of his arrest although the plaintiff testified that he did see a physician relative to his injuries.
Plaintiff supported his claim for injuries through his own testimony and through photographs he had taken of himself several days after the incident. If this case were submitted solely on the basis of injuries, assuming arguendo that there was no cause for arrest and excessive force was used, we do not find the trial judge manifestly erroneous in finding that plaintiff failed to sustain his burden of proof.
The plaintiff herein contends that the officers' testimony should not be believed due to certain discrepancies in their testimony. Plaintiff asserts that the two officers' testimony should be dismissed because, for example, in plaintiff's City Court trial over four years before involving his arrest, Officer Nunnery stated the subject cooperated and gave the officer his driver's license and then over four years later, testified "If I recall correctly, he was very reluctant surrendering his license...." In the civil trial record, the officer clearly states that he does not remember exactly what he may have said four years previous, but was testifying "... at the moment ... as the *746 way I recall it ... it has been a number of years."
Another example of discrepancies in the officers' testimony is that in one instance, four years before, Officer Nunnery said he remained at the right rear of the subject's auto while over four years later stated in response to a cross-examination question, "Did you go over to the Jackson vehicle on the driver's side?" (Answer) "Yes." Plaintiff would have this court hold that an officer's testimony in a trial over four years after a previous trial should be held to be unbelievable because he did not state exactly as he did previously where he stood at 3:00 A.M. in the morning after stopping an auto for a driving violation. The other inconsistencies as noted by plaintiff do not seem material inasmuch as the time element involved was over four years, the officers plainly stated many times that it had been a long time and that they did not recall exactly what occurred four years prior, and in addition, these inconsistencies are relative to such minor and irrelevant points as to who sprayed mace first, where someone was standing when the officers approached the car, where the plaintiff attempted to kick one of the officers, and which (if not both) officer informed the subject he was under arrest. The points are not related to the essential question in this appeal which is whether or not the officers used excessive force in arresting and then controlling the arrested subject.
The officers' testimony does contain some minor inconsistencies, but plaintiff's testimony was not exactly the same in the two trials which were over four years apart. At the trial of this matter, the plaintiff himself stated "... I can't remember. It was five years ago; I cannot remember exactly." In the City Court transcript the plaintiff said two people shared a bottle of whiskey, while at his civil trial four years later, plaintiff says that four people drank with him. When confronted with this discrepancy in testimony, the plaintiff states, "The fact is that I don's specifically recall ...." If plaintiff seriously believes that the officers' testimony is without weight due to inconsistencies, then surely he must believe the same rule should be applied to his own testimony.
As to plaintiff's claim of excessive and unnecessary force, it is clear that the officers each received some spray from their use of mace. The testimony clearly reflects that both officers had to wash their eyes to relieve themselves of the effects of the mace which they used to subdue plaintiff.
The plaintiff claims, (1) he was handcuffed; (2) his head was held or positioned by a hand; (3) then mace was sprayed directly into his face from a can held six inches away. The plaintiff would ask this court to believe this in light of the established fact that both officers also received some spray. We believe that the officers' testimony that there was a struggle in which mace was used seems completely believable. The officers would have no reason to first spray the subject with mace for some alleged vengeful reason, and then spray each other in the same manner. Sergeant Pourciau testified that the officers' eyes "were in worse shape than Mr. Jackson's eyes." Thus, clearly, the testimony supports the officers' report of a struggle during which time mace was used.
What were the officers' alternatives to the use of mace? In the City Court transcript Officer Nunnery said an alternative was "busting his head open." In the same exhibit, Nunnery states that mace is used "to replace the night stick." Thus, as the transcripts indicate, there is no evidence of "excessive force". If anything, it was fortunate for the plaintiff the officers used mace, rather than more severe physical methods.
As to plaintiff's claim that the City of Baton Rouge was negligent by not completely and thoroughly training Officers *747 Nunnery and Sibley in the use of mace, it is basic law that a city is liable only if wrongful injury is inflicted by its officers. Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App., 1st Cir. 1970, writ refused); Robertson v. Palmer, 55 So.2d 68 (La.App., 1st Cir. 1952, writ refused). Thus, since we find the officers did not use excessive force, then the question of the City's liability does not arise.
For the reasons herein assigned, the Judgment of the Lower Court is affirmed, all costs of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.