YARRUT, Judge.
Plaintiff appeals from a judgment denying her recovery for personal injuries, pain, suffering, humiliation and embarrassment sustained by her in an accident on June 2, 1957, at a general hospital in Jefferson Parish.
Plaintiff was employed as a nurses’ aide at the time of the accident. On her way to lunch she stepped out of a utility room on the fifth floor, and was in the process of entering a corridor, when she was struck by a flower vase carried by Defendant (Purazello), an employee of Defendant Reyes & Co (a florist), making a delivery at the time. The other defendants are the insurers of Defendant, Reyes & Co.
Plaintiff charged that Purazello was walking rapidly down the extreme right side of the corridor with his vision impaired by the flowers he was carrying; that as a result of his failing to keep a proper lookout, she was struck in the face by the vase he was carrying as soon as she stepped into the corridor, before she had a chance to observe him.
The locus of the accident was on the fifth floor of the hospital, immediately in front of a utility room, located on one side of a nine-foot corridor, opposite a nurses’ station. The utility room was used to store supplies, and was only for the use of employees of the hospital. Entrance to the utility room was' an open doorway, without a door, just wide enough to accommodate one person at a time.
At noon, preparatory to going to the cafeteria for lunch, plaintiff and a coworker entered the utility room to get their pocketbooks. Plaintiff was first to leave the utility room with her co-worker right behind. Just as plaintiff stepped into the corridor she collided with Purazello, carrying a large vase of flowers which he was holding with both hands.
When questioned by her attorney as to how the accident happened, she testified as follows:
“Q. Will you tell the Court what happened that day when you and Mrs. Track started for lunch?
“A. Well, I had gone in to get my purse.
“Q. Gone in where?
*644 “A. Into the utility room, and just as I got to the door I was knocked and that’s all I know.
* * * * * *
“Q. What do you mean that’s all you know?
“A. Well, I just walked out the door and I got hit, I didn’t remember anything.
“Q. You remember how far out the door you went ?
“A. Well, I just stepped out the door and turned my head to look, I guess.
******
“Q. Do you remember what happened to you as you stepped through the doorway?
“A. Well, I was hit with something.
“Q. Did you see the man who hit you?
“A. No.
“Q. You don’t remember anything that happened to you?
“A. Well, I was hit with something and then when I regained consciousness or come to, whatever it was, and I realized that I was hit in the face, and I felt my face swelling, and they brought me to the utility room, to the dressing room, and I had some water and —.”
Plaintiff testified that she was four months pregnant at the time and she suffered no mishap in that regard; the only claim of injury was to her teeth which came into contact with the vase. Plaintiff further testified that the nurses’ station was the customary and proper place for packages and flowers to be delivered.
Purazello testified that he was about to deliver the flowers to the nurses’ station when Plaintiff walked into the vase without looking. Neither Plaintiff nor Pura-zello actually saw what happened, each being taken by surprise.
The only other person present at the time was the other nurses’ aide accompanying Plaintiff. Her testimony is that she was following Plaintiff through the door of the utility room into the corridor, when the vase carried by Purazello struck Plaintiff in the face; that Plaintiff fell back into her arms, forcing her against the corridor wall by the utility room door. This indicates clearly that Plaintiff entered the corridor just as Purazello walked in front of the door.
When leaving a side room to enter upon a main corridor used by nurses, doctors, patients, delivery boys and disabled patients in wheelchairs or stretchers, it was Plaintiff’s duty to both look and see if anybody with whom she could possibly collide was approaching her door. This is particularly applicable to Plaintiff, an employee of the hospital, fully acquainted with the use to which the corridor might be put. Not having seen what she should and could have seen, Plaintiff is guilty of negligence, even if we disregard Purazello’s testimony completely.
This situation is easily likened to a pedestrian of normal intelligence and possessing normal senses of sight and hearing, suddenly stepping from a place of concealment onto a highway without looking to see if any traffic is approaching from the direction in which his vision is obstructed. In such case the pedestrian is guilty of negligence. Bailey v. Reggie, La.App., 22 So.2d 698.
Since there is no liability on the part of defendants, Reyes & Co., and Purazello, the question, whether one or the other of defendant insurers is liable for the damage, becomes moot.
The Trial Court found that Plaintiff was negligent. With this conclusion we agree completely.
In addition to establishing her own affirmative negligence, Plaintiff has likewise *645 failed to prove her case by a preponderance of the evidence. Under either aspect of the case, she cannot recover.
Although this suit was brought by Plaintiff in forma pauperis, costs must nevertheless be taxed against her, in accordance with LSA-R.S. 13:4528, now replaced by LSA-C.C.P. Art. 5188.
For the reasons assigned, the judgment appealed from is affirmed; Plaintiff to pay all costs.
Affirmed.