BOLIN, Judge.
This is a suit for workmen’s compensation benefits for total and permanent disability brought in forma pauperis. Made defendants are Winn Pulpwood Company and Southern Pulpwood Insurance Company. Also made defendant was Huey James against whom plaintiff obtained judgment by default. From a judgment rejecting his demands against Winn Pulpwood Company and Southern Pulpwood Insurance Company, plaintiff has perfected this appeal. Defendant James has not appealed from that portion of the judgment against him.
The record reflects the basis for this claim is an alleged accident sustained by plaintiff on February 2, 1960, resulting in total and permanent disability. On this date, plaintiff was employed as a pulpwood truck loader and driver by Huey James who was in the process of cutting timber *884 from the land of Olan Jordan and hauling same to the yard of Winn Pulpwood Company. Plaintiff contends James occupied the status of an independent contractor at this time and Winn Pulpwood Company was the principal in this relationship. Southern Pulpwood Insurance Company was made defendant as the compensation insurer of the pulpwood company. The insured and insurer deny any such relationship and contend their status was that of seller and purchaser.
Therefore, the first issue presented is the determination of the relationship existing between James and the Winn Pulpwood Company on the date of the alleged accident. As this is a factual question, we deem it necessary to briefly review the evidence relating to such. According to the testimony, James had been a contractor for defendant pulpwood company cutting as per arrangements made by such company. Prior to the accident, however, James was informed by Mr. Futch, manager of the company, that the prior arrangement would have to be terminated and all such contractors would have to provide their own timber. Following this, James reached an agreement with Mr. Olan Jordan for pulp timber and it was while this timber was being cut the accident occurred.
James was paid by Winn Pulpwood at the rate of $12.50 per cord delivered at the yard which included stumpage. The manager of the pulpwood company testified he did not arrange for the purchase of this pulpwood, did not know the location of the land, and had never exercised any acts of supervision or control over this- particular tract of land or the cutting of timber therefrom. No evidence was presented to contradict this testimony. Therefore, we are in accord with the conclusion of the judge below that the relationship between Winn Pulpwood Company and Fluey James was that of vendee-vendor. As such, Winn Pulpwood Company as purchaser of the wood is not liable for compensation, and neither is Southern Pulpwood Insurance Company, as insurer. Cerie v. Malone (La.App. 3 Cir., 1960) 125 So.2d 254; Carpenter v. Madden (La.App. 2 Cir., 1956) 90 So.2d 508, writs denied, and cases cited therein.
Plaintiff contends, however, the purchaser of the pulpwood and its insurer are liable for compensation benefits under the doctrine of equitable estoppel. The basis of this argument is the contention that compensation insurance premiums were deducted by the purchaser from the price paid to James on each cord of wood he delivered to the pulpwood yard. Conceding for the sake of argument that such premiums were withheld, the doctrine advanced by plaintiff is inapplicable to an employee of the vendor.
In certain cases, the jurisprudence has established the applicability of the doctrine in favor of an independent contractor or vendor (James in the instant case), against the principal or vendee (Winn Pulpwood Company in the instant case), where the independent contractor or vendor has been led to believe that compensation insurance coverage was being furnished to vendor by the vendee. Stevens v. Mitchell, 234 La. 977, 102 So.2d 237 (1958), on rehearing; Hano v. Kinchen (La.App. 1 Cir., 1960) 122 So.2d 889; Carpenter v. Madden (La. App. 2 Cir., 1956) 90 So.2d 508, cert, denied. However, these same cases held the employee of such independent contractor or vendor could not assert this doctrine directly against the principal or vendee where there was no privity of contract between the buyer and plaintiff nor any representations made to plaintiff employee.
In the case at bar, there was no privity of contract between plaintiff and Winn Pulpwood Company, nor were any representations made to plaintiff by such company or its insurer that he was covered by workmen’s compensation insurance. Therefore, the doctrine of equitable estop-pel cannot be maintained in favor of plain *885 tiff. As James, the vendor, did not implead Winn Pulpwood Company or its insurer, or assert any rights against his co-defendants, the question of whether they are liable under the doctrine is not before us.
Having concluded that Winn Pulpwood Company and its insurer are not liable to plaintiff for compensation benefits, it is not necessary for us to discuss the question of disability within the purview of the compensation statute.
Although this suit was brought by plaintiff in forma pauperis, costs should nevertheless be taxed against him in accordance with LSA-C.C.P. Art. 5188.
For the .reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.