On Application for Rehearing
PER CURIAM.
Plaintiff, in her application for a rehearing, strenuously contends that the record proves the carnival float struck her ladder, causing her to fall; and that she did not fall against the float as suggested in our opinion.
In her petition Plaintiff charged that the float suddenly deviated from the path of the parade into the intersection, and ran into her ladder, knocking her and her grandson to the street. The District Court did not find such to be a fact, but found that part of the float’s decoration, extending outward a foot or two over the neutral ground curbing, struck the ladder while the float was proceeding in St. Charles Avenue, a foot from the curbing.
Assuming, arguendo, that plaintiff-appel-lee did prove that the float struck her in the manner found by the district court, defendant’s alternative plea of assumption of risk *718 and contributory negligence would preclude her recovery.
Had the float’s decoration been faulty in extending a foot or so outward from the truck, plaintiff, in placing herself and her 13-year-old grandson in the intersecting street, very near the extended curb line of St. Charles Avenue on an unsupported stepladder, in a surging crowd, coupled with her and his conduct and inattention, were the sole or contributory causes of their fall. She assumed this peril to obtain for herself and grandson a closer, elevated, though insecure, dominant position over the other pedestrian spectators to view the parade, to better plead and attract the attention of the maskers, and to better reach for the trinkets being thrown from the floats as they passed in review, when she could just as well have stationed herself farther back, at a point where she could not have been injured by any float’s decorations. One cannot recover for an injury to which he has contributed by his own want of ordinary care, with full knowledge of the attending hazards.
Plaintiff, therefore, assumed the risks of the position in which she placed herself, under hazardous conditions she knew or should have known. The same rule would apply had she been injured in the eye by a trinket thrown by a masker in an ordinary manner, or had her ladder been accidentally toppled over by another spectator rushing for a trinket. Spears v. American Fidelity & Casualty Co., La.App., 123 So.2d 513; Sherrill v. United States Fidelity & Casualty Co., La.App., 132 So.2d 72; Mayer v. Frank J. Reyes & Co., La.App., 138 So.2d 642; Normand v. Piazza, La.App., 145 So.2d 110.
Hence, it would serve no purpose to grant a rehearing because the alternative pleas are sound and are established by the record.
Application for rehearing is refused.
Application for rehearing refused.