YARRUT, Judge.
Plaintiff appeals from a judgment denying him medical payments beyond the 400-week limitation of the Louisiana Workmen’s Compensation Statute governing wage compensation payments. The District Court gave no reasons for judgment, but Defendant urges that, once all compensation has been paid, further medical payments automatically become prescribed.
*777 The admitted facts are that Plaintiff sustained a stroke while working for his employer resulting in a right hemiplegia, and was paid weekly compensation of $30.00 for 400 weeks; plus $1,720.16 as medical payments of a total statutory liability of $2,500.-00 (LSA-R.S. 23:1203). Following the 400-week compensation period, claim was presented for additional medical benefits and medication totalling $90.00, which Defendant refused to pay. The claim was for medical services rendered on January 8th, January 10th, and April 10th, 1962, amounting to $85.00, and medication for December 1961 through July, 1962, amounting to $32.00.
Defendant’s plea of prescription is not sound. This suit was filed on August 6, 1962, less than one year from the last compensation payment on September 14, 1961, and the last medical payment on November 6, 1961.
The limitation of one-year prescribed by the Compensation Statute is applicable to a claim for medical expenses, as it is to compensation payments. LSA-R.S. 23 :1203; LSA-R.S. 23:1209; Cook v. International Paper Co., La.App., 42 So.2d 558; Pourciau v. Board of Commissioners of Port of New Orleans, La.App., 12 So.2d 36.
The plea of prescription is overruled and the matter must now be considered on the merits.
The injury sustained by Plaintiff was described as a right hemiplegia, or partial paralysis of the right extremities. Plaintiff was examined and treated by various neurosurgeons, internists and physical therapists, all of whom were of the opinion that Plaintiff had reached a point of maximum improvement somewhere between June, 1954 and August, 1956.
Dr. Daniel W. Hayes and Dr. Richard Henry Coales, Jr. testified that Plaintiff should undergo periodic examinations as a'conservative measure. Dr. Hayes, the then attending physician, testified that Plaintiff would never recover, and that he prescribed medication designed to reduce his appetite, quiet his nerves and relax his muscles; and that such medication does nothing for the original injury or accident, and was not a curative measure. Dr. Hayes advised Plaintiff to schedule periodic examinations as a conservative measure. Dr. Hayes was substantially corroborated by Dr. Richard Henry Coales, Jr., a neuro-surgeon.
We do not find that Plaintiff has sustained the burden of proof that the medical and drug charges he seeks to recover here were the result of his original injury.
For the reasons assigned, the judgment of the District Court is affirmed; Plaintiff to pay costs in both courts. LSA-C.C.P. 5188; Dunn v. Southern Pulpwood Insurance Company, La.App., 141 So.2d 882, 883.
Affirmed.