YARRUT, Judge.
Plaintiffs-Appellants sue to recover from Defendants-Appellees workmen’s compensation of $10.00 per week, not to exceed 400 weeks, for injury alleged to have been suffered by Plaintiff-wife while in the course of her employment as a sandwich maker for Defendants, in connection with which she was required to use an electric slicing machine. The injury clamed to have been suffered by Plaintiff resulted when she tripped and fell from the step onto the sidewalk as she was leaving her employer’s premises after work.
The Defendants own and operate a corner grocery and sandwich shop, managed by Mrs. Lanzetta, the wife. To assist her, Mrs. Lanzetta usually employed a young lady to make sandwiches from 8:30 a. m. to 2:30 in the afternoon, and paid her $4.00 per day.
On March 7, 1964, when her regular employee was moving from her residence and could not work, Mrs. Lanzetta was asked to employ Mrs. Carter, and Mrs. Lanzetta agreed. Mrs. Carter was then employed as a substitute for one day at $4.00.
Mrs. Carter worked that day until 2:30 p. m.; was paid $4.00 in cash by Mrs. Lan-zetta from her cash register; was given or purchased a piece of pie; and thereafter remained chatting with Mrs. Lanzetta until 3 :00 p. m., at which time she left and suffered the accident explained above.
The question of hazardous employment seems to be no issue, only whether Plaintiff-wife was injured in the course of her employment. This question rests upon whether Plaintiff-wife left the premises within a reasonable time after working hours, or remained on the premises socializing or chatting with Mrs. Lanzetta.
The district judge, in denying recovery, concluded:
“The Court finds as a fact that the plaintiff had completed her work, was paid her wages and thereafter tarried on the premises for approximately 20 to 30 minutes discussing various topics with Mrs. Lanzetta. (See testimony of Mrs. Lanzetta).
“Considering the above facts the Court is of the opinion that the accident did not arise out of the course of the employment.”
The only witnesses were the two wives.. The district judge accepted the testimony of Defendant-wife, and we must agree with his conclusion.
At 2:30 p. m. when Plaintiff-wife was paid for her day’s work, it not only terminated the working day but also the employer-employee relationship, since the employment was only for that one day.
Since Plaintiff-wife remained on the premises for a half hour to chat and socialize with her employer, when she fell *333 and was injured while descending the step on the way to the sidewalk, she was not injured in the course of her employment. Gathright v. Liberty Mutual Insurance Co., La.App., 157 So.2d 242, cert. denied, 245 La. 464, 158 So.2d 613; Play v. Travelers Insurance Co., La.App., 106 So.2d 791; Peterson v. Williams, La.App., 175 So.2d 364.
The judgment of the district court' is correct and is affirmed; Plaintiffs-Appellants to pay all taxable costs in both courts, notwithstanding that they sued in forma pauperis. LSA-C.C.P. art. 5188; Dunn v. Southern Pulpwood Ins. Co., La. App., 141 So.2d 882; Mayer v. Frank J. Reyes & Co., La.App., 138 So.2d 642.
Judgment affirmed.