YARRUT, Judge.
This is an appeal by Plaintiff from a judgment dismissing his suit for total and permanent disability under the Louisiana Workmen’s Compensation Law.
On September 19, 1965, Plaintiff suffered a back injury when he fell while helping to carry a piece of timber in Defendant’s shipyard. He was initially treated by Dr. Dabney Ewin, a general surgeon, who first saw him the day after the accident. Plaintiff was given eleven diathermy treatments under the direction of Dr. Ewin, and was discharged as able to return to work, effective October 18, 1965. It was stipulated that Plaintiff was paid Workmen’s Compensation by Defendant through October 17, 1965.
Plaintiff, however, did not return to work and saw a Dr. Esteban, a partner of Dr. Ewin, a week after he was discharged. It was stipulated Dr. Esteban would have testified that Plaintiff told him he was unable to work because he had pneumonia, and not because of any back injury; and that all tests regarding his back were negative on this last visit.
Three physicians testified for Plaintiff. The first, Dr. George R. Cary, an orthopedist, saw Plaintiff on October 7, 1965; and testified that he would be able to return to his duties as a heavy laborer in approximately six weeks. Dr. Cary had x-rays of Plaintiff’s back taken by Drs. Teitelbaum and Schneider, which proved negative.
Dr. George Gernon Brown, orthopedist, saw Plaintiff on November 21, 1966 and December 16, 1966, and testified that Plaintiff’s symptoms were subjective only. The only reason Dr. Brown could find for Plaintiff’s complaints of pain was that x-rays revealed a defect in the pars interarti-cularis (bone structure in the arch of the vertebrae). He testified that this condition could have preexisted the accident and been aggravated by it. Dr. Brown was shown x-rays taken by Dr. Cary more than a year before, which showed no defect in the pars interarticularis.
After examining these latter x-rays, Dr. Brown testified:
“Q. Doctor, if you had that x-ray of the left oblique by Drs. Teitel-baum and Schneider taken in October, 1965, if you were asked if there was a defect in the pars in-terarticular what would be your answer ?
A. Absolutely none.”
Dr. John J. Pepe, general practitioner, treated Plaintiff from April 1, 1967 until July 18, 1967, and testified that Plaintiff could not perform heavy manual labor, but did admit Plaintiff had no objective symptoms; and that he relied exclusively on Plaintiff’s complaints of back pain.
Plaintiff also introduced a report by Dr. Bryon M. UnKauf, which stated that he did not believe Plaintiff was fit to return to the duties of a laborer. However, a careful examination of his report reveals Plaintiff exhibited no objective symptoms.
Plaintiff himself testified that, since the accident, he has been unable to do anything but light work; that he helped his aunt in her dairy business, but was unable to pick up even a five gallon can of water; and, although he worked for a pulpwood subcontractor, his duties consisted exclusively of driving a truck. When he was asked if *504 he ever performed the duties of a top loader, i.e., a man who guides logs onto the truck after they have been lifted by a winch, Plaintiff testified that he was unable to do such heavy work.
However, Defendant introduced into evidence motion pictures of Plaintiff doing the work of a top loader, handling heavy logs without apparent difficulty. The one roll of film viewed by this Court did, indeed, show Plaintiff doing this heavy work without difficulty. It was agreed between counsel that two other rolls of film would have shown Plaintiff operating a winch and placing hooks on the logs prior to their being lifted.
As stated above, the treating physician, Dr. Ewin, discharged Plaintiff as being able to return to heavy labor on October 18, 1965. It is well-settled that the testimony of the physician, who examines and treats the injured party immediately after the accident, is entitled to much greater weight than that of a physician examining at a later date. Sullivan v. Birmingham Fire Insurance Company of Pennsylvania, La.App., 185 So.2d 336, and the cases cited therein; Butler v. American Insurance Company, La.App., 138 So.2d 862.
Moreover, all of the physicians, produced by Plaintiff, testified that he had subjective complaints only. Dr. UnKauf’s report reveals no objective symptoms. Therefore, the credibility of Plaintiff is crucial in this case. His credibility was completely destroyed by his testimony that he did nothing in the pulpwood industry but drive a truck, while the films revealed him doing three other separate jobs, including the heavy manual labor involved in being a top loader.
For the above reasons, the judgment appealed from is affirmed. Plaintiff is to pay all costs in both Courts, notwithstanding that he sued in forma pauperis. LSA-C.C.P. Art. 5188; Dunn v. Southern Pulpwood Insurance Company, La.App., 141 So.2d 882; Mayer v. Frank J. Reyes & Co., La.App., 138 So.2d 642.
Affirmed.