TUCKER, Judge.
This is a workmen’s compensation suit brought in the name of Corbett E. Nini, Jr., against his employer Sanford Brothers, Inc., and its insurer, a foreign corporation, Surplus Underwriters, Inc., for workmen’s compensation at the rate of Thirty-five Dollars ($35.00) per week, for a period not to exceed four hundred weeks, from date of judicial demand until paid, plus interest thereon, penalties, attorneys’ fees, medical expenses, the cost of expert witnesses and all other costs of court.
Plaintiff’s attorney alleged that Corbett E. Nini, Jr., was injured on July 19, 1966, while working for Sanford Brothers, Inc., in his capacity as a crane operator, the crane having toppled over while Nini was trapped inside. As a result of this accident Nini developed severe back trouble, later diagnosed as a herniated disc, for which he had surgery at Touro Infirmary in New Orleans. From the time of his accident on July 19, 1966, until January 16, 1967, when Sanford Brothers terminated his compensation, Nini had tried to work, but, due to the pain in his back, he had been able to work less than two months. Dr. Unkauf who treated Nini for his back trouble and performed a laminectomy on him had not yet released him for work at the time that defendant Sanford Brothers ceased the compensation payments to Nini, which they had begun on July 26, 1966.
On December 15, 1966, defendant, Surplus Underwriters, Inc., received a report from Dr. E. J. Dabezies, defendant company’s physician and orthopedist, who had seen Nini on three occasions, stating “This man should have a lumbar myelogram done for diagnositic purposes.” Receiving no other medical reports, they discontinued payments on January 24, 1967.
It was stipulated between the parties that on Thursday, December 7, 1967, Corbett E. Nini, Jr., went to his attorney’s office in New .Orleans, and, at that time, authorized his attorney to prepare a suit for workmen’s compensation benefits and medical payments, to be filed against defendants. The petition in this matter was prepared on Friday, December 8, 1967, but completed too late in the day to be mailed to the Clerk of Court for filing. On Saturday, December 9, 1967, Mr. Nini was killed in an accident unrelated to his previous injuries. His attorney was informed of his death on Monday, December 11, 1967, which was the day on which he also filed the present suit, as drawn, in the name of Corbett E. Nini, Jr. The attorney for defendants wrote to counsel for plaintiffs, requesting additional time in which to plead. This having been granted, attorneys for defendants filed a Motion for Summary Judgment on March 20, 1968, stating that, since no one had been substituted as a party plaintiff to carry forward Corbett’s suit; that since the cause of action involved did not survive the deceased; that defendants should be granted a summary judgment as a matter of law, dismissing the suit. They also alleged that there was no dispute concerning any material facts of the case.
The motion for summary judgment was set for hearing on October 11, 1968. On that date, with no objection from- defendants, the court gave Mrs. Corbett E. Nini, Jr., leave to file a motion substituting herself as a party plaintiff in her capacity as provisional administratrix of the succession of her late husband, Corbett E. Nini, Jr., and as natural tutrix of the minor children, issue of their marriage. Mrs. Nini prayed for judgment in the amount of 72 weeks of compensation at the rate of Thirty-five Dollars ($35.00) per week, or Two Thousand Five Hundred Twenty and no/100 Dollars ($2,520.00), with legal interest thereon subject to a credit for all compensation paid. She prayed also for One Thousand Five *650 Hundred Thirty-five and 85/100 ($1,535.85) representing the medical expenses incurred by deceased, and including a fee of Seven Hundred Dollars ($700.00) for Dr. Unkauf, and Eight Hundred Thirty-five and 85/100 Dollars ($835.85) owed to Touro Infirmary. She asked that all fees for expert witnesses be taxed as costs, for all court costs, and for 12% penalties on all weekly payments now overdue, together with reasonable attorney fees. Defendants’ motion for summary judgment was overruled.
On November 8, 1968, defendants filed an exception of prescription on the grounds that Mrs. Nini had not been substituted as a party plaintiff until more than one year had elapsed from the date of the last compensation paid on January 16, 1967. The trial court overruled the exception of prescription under the terms of LSA-C.C.P. Art. 1153, on the basis that the amended petition related to the date of the filing of the original petition, which had been filed timely. The trial judge pointed out that at no time had defendants filed an exception of no right or cause of action, and that an exception of prescription could not serve that purpose. The case proceeded to trial on the merits on September 16, 1970, and judgment was rendered in plaintiff’s favor on February 8, 1971, for workmen’s compensation at the rate of $35.00 per week from January 15, 1967 to December 6, 1967, and in the sum of $835.85 for medical 'expenses and all costs of court. This judgment was amended by decree dated February 25, 1971 to the extent that the medical and hospital expenses were increased from the amount of $835.85 to the sum of $1535.85.
Defendants have appealed to this court, alleging the following errors by the trial court; (1) in not maintaining defendants’ exception of prescription inasmuch as Mrs. Nini did not file her motion to be substituted as a party plaintiff until more than one year had elapsed following the payment of the last compensation to deceased by Sanford Brothers; (2) in applying said C.C.P. Art. 1153 to permit Mrs. Nini to file her motion to be substituted as party plaintiff when there was no cause or right of action vested in anyone at the time that Mrs. Nini filed her motion, no succession representative having been appointed to represent the deceased; and (3) in admitting hearsay testimony of Mrs. Nini and certain doctors, which defendants find particularly objectionable since they were never made aware by deceased or his attorneys that he had sought medical treatment subsequent to January 16, 1967, and up until the time of his death.
The period of limitations provided for in L.R.S. 23:1209, as applicable to workmen’s compensation actions, will be treated as a prescriptive period, subject to principles applying to statutes of prescription. (See Malone, Louisiana Workmen’s Compensation Law and Practice, 492.)
Since workmen’s compensation pleadings are to be construed liberally, (Johnson v. El Dorado Creosoting Co., 71 So.2d 613, 615, (La.App. 2d Cir. 1954), we find no error on the part of the trial judge in permitting Mrs. Nini to be substituted as a party plaintiff in the original suit, and particularly since defendants did not object at that time. Although there are no workmen’s compensation suits directly in point, instruction is provided by the completely analogous case of Nettles v. Great American Insurance Company, 155 So.2d 87 (La.App. 1st Cir. 1963), writ den., 244 La. 1024, 156 So.2d 227 (1963), in which a father had filed suit for his son who was a minor at the time of the accident, but who became a major by the time of the filing of suit. An exception of no right of action was filed, and plaintiff was given leave to amend and substitute his son, even though more than one year had elapsed since the time of the accident upon which suit was being brought. The court relied upon Ray v. Liberty In *651 dustrial Life Insurance Co., 180 So. 855 (La.App.Orl. Cir. 1938) in finding that it was the suit which had interrupted prescription, regardless of whether or not there was a proper party plaintiff to it.
It has been held in Harris v. Traders & General Insurance Company, 200 La. 445, 8 So.2d 289, 293 (1942) that the three-fold purpose of a statute of limitations in the workmen’s compensation law is (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; and (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of claim on the part of the employee where he fails to bring his suit within the fixed period; and the holdings of the Harris case have achieved doctrinal status today. (Malone, cited supra, 482). Plaintiff’s original petition satisfied the aforementioned requirements of a workmen’s compensation pleading which are necessary to interrupt the tolling of prescription and place defendants on notice. The lower court was correct in relating Mrs. Nini’s motion to substitute her, as party-plaintiff to the original petition, under LSA-C.C.P. 1153, and thereby to place the suit in proper posture for a trial. This court takes notice of the fact that the lower court relied heavily upon defendants’ not having filed any exception of no right or cause of action at the time that it overruled defendants’ plea of prescription. The issue of the filing of the suit in the name of Cor-bett E. Nini, Jr., was never properly placed before the court, and the exception of prescription cannot do so. The lower court was correct in overruling defendants’ plea of prescription.
Defendants have complained of the admissibility into evidence by the lower court of statements made by Mrs. Nini regarding the deceased, Mr. Nini’s ability to work. Defendants have objected also to the admissibility into evidence of statements by Dr. Unkauf as to what Mr. Nini had told him of the history of his case. The testimony of both of these people in regard to statements by the deceased is attacked as hearsay. Although L.R.S. 23:1317 requires that all findings of fact by the court in workmen’s compensation suits must be “competent”, it has been held in Arrington v. Singer Sewing Machine Co., 16 So.2d 145 (La.App. 2d Cir. 1943), and Clifton v. Arnold, 87 So.2d 386 (La.App. 1st Cir. 1956) that family members of a deceased employee could testify as to complaints made by him following the accident. Defendants contend that Mr. Nini’s statements were made long after the accident, but, inasmuch as he died less than eighteen months after the accident, which caused the injuries complained of herein, these statements were well within the memory span of an average person. Mr. Nini’s statements to his wife regarding his pain and ability to work certainly were made in a close time relationship to the condition of which he spoke. Especially since these so-called “hearsay” statements are corroborated by other evidence in the record, such as the reports of Dr. Dabezies and the fact that defendant was paying deceased compensation for work-caused injuries, there seems to be no reason not to accept it.
The clear weight of the evidence is in favor of deceased’s having sustained back injuries during the accident in which the crane he was operating fell over. Dr. Unkauf, the orthopedic surgeon who treated and operated on Mr. Nini, testified that it was his opinion that the accident, caused his back difficulties. Although the myelogram performed upon Mr. Nini was negative, as Dr. Unkauf states some 20% are, he diagnosed him symptomatically, and the subsequent surgery report proved that he was suffering from a herniated spinal disc. Dr. Unkauf believed that any work Mr. Nini performed prior to the surgery, *652 but subsequent to the accident, was done in pain, and so testified. He also testified that his recovery from surgery was good, and that, although he had not yet released him for work, he had planned to so do in about six weeks from the time that he last saw him, which was approximately six weeks before his fatal accident. Dr. Un-kauf’s testimony is not refuted or discredited in any way. This court concurs with the lower court in finding that the deceased did suffer work-caused injuries for which he should have been compensated at the maximum rate of Thirty-five Dollars ($35.-00) per week up until the time of his death. He was entitled to the medical expenses incurred at Touro Infirmary and for Dr. Un-kauf’s fee of $700.00 for myelogram and laminectomy, both of which items are reasonable.
Defendants ask alternatively for credit for the two months’ work which Mrs. Nini testifies that Mr. Nini was able to perform following his accident. The only evidence in the record as to Mr. Nini’s working subsequent to his accident, however, is the vague statements of Mrs. Nini (Tr. 125— 126), which are too indefinite for such a credit to be justified on this basis.
This is not the type of case which would justify the imposition of penalties and attorney fees. There is no showing that the defendants have acted arbitrarily, capriciously, and unreasonably in failing or refusing to make workmen’s compensation payments after January 15, 1967. As a matter of fact the plaintiff has not urged on appeal that she is entitled to penalties and attorney fees.
The judgment of the lower court will be amended to provide for legal interest on the amount recovered by the plaintiff, and for the reasons hereinabove set forth, the judgment in all other respects is affirmed at appellants’ costs.
Affirmed as amended.