278 So.2d 871 (1973)
Mrs. Lora Mae Talbert ALLEN et al.
v.
MILK HAULERS, INC., et al.
No. 9396.
Court of Appeal of Louisiana, First Circuit.
May 30, 1973.
*872 James A. George, Baton Rouge, for appellants.
Paul H. Dué, Denham Springs, for appellees.
Before LOTTINGER, ELLIS, and CRAIN, JJ.
LOTTINGER, Judge.
This is a workmen's compensation suit filed by the widow and heirs of an employee who died some seven months following the incident giving rise to this claim. The defendants-appellants appeal suspensively from the Judgment of the Lower Court overruling their peremptory exception of prescription and a Judgment on the merits against them.
The Judgment of the Lower Court is in favor of plaintiffs, Mrs. Lora Mae Talbert Allen, Walter M. Allen, Jr. and Donald L. Allen, and against defendants, Milk Haulers, Inc., and Aetna Insurance Company, in solido, for workmen's compensation benefits at the rate of $49.00 per week from September 18, 1970 through April 8, 1971, with legal interest on each weekly compensation benefit from its respective due date until paid; for funeral expense benefits in the maximum sum of $1,000.00 with legal interest thereon from date of judicial demand until paid, and for medical expenses in the total sum of $2,518.72 with legal interest thereon from date of judicial demand until paid. The Judgment stated that Mrs. Lora Mae Talbert Allen, as the surviving spouse in the community of the deceased employee, is entitled to one-half of the foregoing sums, and Walter M. Allen Jr. and Donald L. Allen, as the lawful descendents of the deceased employee are entitled to the other one-half of said sums, subject to the legal usufruct of their mother. The Lower Court also awarded Judgment in favor of Mrs. Lora Mae Talbert Allen, as the surviving legal dependent widow of the deceased employee for compensation benefits at the rate of $49.00 per week commencing April 9, 1971 for a period not to exceed 500 weeks, with legal interest on each week of compensation benefits from its respective due date until paid, subject to credit for the weeks of compensation benefits and interest thereon for the period from September 18, 1970 to April 8, 1971. The Lower Court rejected plaintiffs' demand for penalties and attorney's fees and assessed all costs to defendants, Milk Haulers, Inc. and Aetna Insurance Company, in solido.
The written reasons for judgment of the Lower Court relate the following factual situation:
"Walter M. Allen was employed by Milk Haulers, Inc., which was afforded workmen's compensation coverage by Aetna Insurance Company, as a truck driver. His employment duties consisted of picking up milk from farmers and producers along a designated route encompassing several parishes during a working day. The late Mr. Allen (hereinafter referred to as "Allen"), as part of his employment duties, was required to change the heavy truck tires when they went flat or otherwise failed. On September 17, 1970 Allen reported to his employer's place of business in Baton Rouge, Louisiana, at which time he was required to change one tire on his truck at the plant. Later that same day it became necessary for Allen to change another flat tire while he was out completing his route near Clinton, Louisiana. Following this second tire changing, Allen's chest pain symptoms became particularly acute. Allen completed his work, returned his truck to the Baton Rouge plant, went home and related his complaints to his wife.

*873 "The next day, when the symptoms had not abated, Allen's wife called and made an appointment for Allen with Dr. Richard E. Selser, a Baton Rouge, internist and cardiologist. On his way to the doctor's office with his wife, Allen stopped by the employer's and advised the secretary or bookkeeper that he was going to the doctor. Dr. Selser saw Allen around 1:30 P.M., diagnosed that Allen was sustaining a heart attack, and hospitalized him. Allen remained hospitalized at Baton Rouge General Hospital from September 18 through September 26, 1970, following which he continued to be treated by Dr. Selser for his heart condition. Allen's condition later worsened, necessitating his hospitalization at Our Lady of the Lake Hospital in Baton Rouge, Louisiana, from December 7 through December 20, 1970. Following his second release from the hospital Allen continued to be treated by Dr. Selser. Dr. Selser last saw Allen on March 30, 1971, at which time he indicated Allen's condition was about the same. Nine days later Allen sustained a fatal heart attack and died on April 8, 1971. At all times during which Allen was being treated and cared for by Dr. Selser, Dr. Selser considered Allen unable to return to work."
In summary, the important dates to remember are September 17, 1970, the day that Allen exerted himself by changing two tires on his truck and had chest pains; September 18, 1970, as the day he saw Dr. Selser and became apprised of the fact that he was suffering heart trouble or a heart attack; and April 8, 1971 as the day of death. An additional date of importance is September 20, 1971, the date on which plaintiffs filed their suit.
Defendants, through their peremptory exception of prescription would have the court hold that plaintiffs' suit had to be filed on or before September 17, 1971 in order to be timely. The applicable law on this point is R.S. 23:1209 which we quote:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis added.)
In construing this statute, the Supreme Court in Mottet v. Libbey-Owens-Ford Glass Company, 220 La. 653, 57 So.2d 218 (1952) and in Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956) found that prescription does not begin to run until the time the workman is unable to substantially perform the duties of his employment. This is a fair interpretation of the statute and in keeping with the object of its enactment. Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer. In the case at bar, it is obvious that manifestation of Allen's incapacity did not occur until September 18, 1970 in as much as Dr. Selser, Allen's treating physician, testified that he did not feel that Allen knew what was wrong with him or the severity of his condition until the doctor apprised him thereof at his first examination on September 18, 1970. Therefore, under the applicable law we find that plaintiffs' suit had to be filed within one *874 year from September 18, 1970. However, September 18, 1971 fell on Saturday, a half-holiday; September 19, 1971 being Sunday was a legal holiday; and the filing of this suit on September 20, 1971, was timely. In addition to the Supreme Court decisions of Mottet and Wallace already cited, and for further discussion on this point, see the case Allen v. Freiler Industries, Inc., 246 So.2d 327 (La.App.1st Cir. 1971) which opinion was written by the author of this opinion.
As we appreciate the appellant's defense on the merits, it is twofold. First, defendants argue that plaintiffs had not proved the occurrence of an accident or specific incident on the job which caused Allen's disability and subsequent death. Secondly, defendants assert that Allen's heart attack was not caused by over-exertion on the job, but by a long existing heart condition which he had for some time without knowledge of same.
The occurrence of an accident or incident on the job which plaintiffs make the basis of this law suit is the over-exertion of Allen in changing two truck tires on September 17, 1970. It is alleged that one was changed at employer's place of business early in the morning before Allen began his milk run. The second truck tire was changed on the road near Clinton, Louisiana. Various witnesses testified that the changing of these large truck tires required that Allen crawl under the back of the truck, strain from the chest region to remove the spare tire from its storage rack, remove the 175 to 200 pound flat tire from its axle, lift the spare tire onto the axle and mount it, and then lift the flat tire in order to shove it up into the spare tire storage rack. There is testimony in the record that this procedure on the road consumed approximately 35 minutes. Defendants objected to the testimony of Allen's widow and one of Allen's sons with regard to statements made by him to them concerning his over-exertion and chest pains on the basis that such constituted inadmissible hearsay evidence and were self serving since both are parties to the suit. This objection is without merit in light of R.S. 23:1317 which says in part:
"The court shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence, and all compensation payments provided for by this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."
See also Nini v. Sanford Brothers, Inc., La.App., 258 So.2d 647; Arrington v. Singer Sewing Machine Co., La.App., 16 So.2d 145 and Clifton v. Arnold, La.App., 87 So.2d 386.
The testimony of Mrs. Allen and her son concerning the occurrence of the exertion experienced by Allen is corroborated fully by the testimony of Dr. Selser, who specifically recalled Allen making a similar statement to him. This testimony was also corroborated by defendants' witness, James Williams Sr., who testified at the trial that when Allen returned from his route Allen told the witness, Williams, he had a terrible pain in his chest, and the next thing the witness heard about was that he was in the hospital with a heart attack. We are satisfied from the testimony of Dr. Selser and James Williams Sr. that Allen had a bad chest pain while changing a tire on his route on September 17, 1970.
Finally, defendants assert that plaintiffs have failed to prove that Allen's over exertion on the job was the cause of the heart trouble. It is apparent from the record that neither the treating physician nor a doctor who studied all the available reports on behalf of plaintiffs and another doctor who studied the same material for defendants are able to say with any degree of certainty that Allen's over exertion *875 caused his heart attack. However, in light of the Supreme Court case of Bertrand v. Cole Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969) which is particularly applicable to the case in question, we find that plaintiffs have carried the requisite burden of proof, and quote the following excerpt from the court's opinion in the Bertrand case:
"In a case such as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability. The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff's condition so as to render him disabled and unfit for his former employment? ...
"Medical experts are unable to determine or state the cause, the time of onset, the rate of or reason for acceleration or regression of arteriosclerosis or coronary scleroisis. A plaintiff cannot be required to submit more proof than is here offered that he has suffered disability by reason of a causally connected accident when any additional proof must come from a science whose practitioners admittedly lack complete and exact knowledge of many aspects of the disabling disease and whose views are often divergent and vascillating.
". . . The legal criterion in compensation cases involving heart disease should be whether the accident caused a change in the employee's physical condition which is disabling, and not whether the accident changed the diseased organ of the employee. The residual condition from an accidental injury which substantially increases the possibility of recurrence of a disabling or death-dealing episode is legally disabling and is compensable under our Workmen's Compensation law.
"Before this accident the plaintiff, though suffering from a cardiac or cardiovascular disease, exhibited no disabling symptoms of the disease, and adequately met the extreme physical demands of his employment....
"We have said repeatedly in workmen's compensation cases that it matters not that the accident could have occurred at another place and at another time or even at any time."
In this case the evidence shows that Allen's heart condition was asymptomatic, and he was able to perform his regular employment duties until the ill-fated tire changing episode which he experienced on September 17, 1970. Therefore, the principals of the Bertrand case are applicable herein.
For the reasons hereinabove assigned the Judgment of the Lower Court will be affirmed, all costs of this appeal are to be paid by defendants-appellants.
Judgment affirmed.