DOMENGEAUX, Judge.
Plaintiff, widow of the deceased employee, Julien Curtis Belvin, filed this workmen’s compensation suit seeking benefits as a result of an alleged work related heart attack experienced by her husband, from which he subsequently died. Made defendants are Hubert E. Smith, the decedent’s employer, and Rockwood Insurance Company, the latter’s compensation insurer.
Defendants filed a peremptory exception of prescription under the provisions of LSA-R.S. 23:1209. The trial judge sustained the exception with respect to the personal claim of the decedent for workmen’s compensation benefits incurred prior to his death (23:1209), and overruled the exception with respect to plaintiff’s claim for dependency benefits (23:1231).
Mrs. Belvin has appealed, and we find the principal issue before us to be whether under R.S. 23:1209 the prescriptive period involved herein should commence on the date of Mr. Belvin’s death or on the date of the injury.
The undisputed facts show that the employee sustained the heart attack while in *439 the course and scope of his employment on August 16, 1974. His case was diagnosed that same day, and he was hospitalized and treated immediately and continuously until his death on August 17, 1975. Mr. Belvin did not return to work prior to his death, and no compensation benefits were paid either to the decedent or to the plaintiff. The latter filed the present suit on May 24, 1976, some nine months after her husband’s death, and approximately twenty-one months after the accident (heart attack).
LSA-R.S. 23:1209 provides:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
We -find that prescription has not been interrupted or suspended. No payments or benefits were ever made to decedent or plaintiff; the facts do not relate to a “development of injury” application. There is no proof that decedent or plaintiff were “lulled” into the belief that the claim would be paid. In the latter regard, a review of plaintiff’s testimony shows that the decedent discussed the accident with his employer and filed a claim, but the record does not indicate what events transpired after that date nor can we determine why payments were not made. The insurer’s adjuster did contact plaintiff after decedent’s death, and even assuming arguendo, that their conversation could be considered a “lulling” by defendant insurer, said action would have transpired after decedent’s death, or more than one year from the date of the accident, and after the tolling of prescription. In Blanchard v. Liberty Mutual Insurance Company, 280 So.2d 592 (La.App. 3rd Cir. 1973) we held that once prescription had run, the cause of action ceased to exist, and subsequent developments could not operate to revive the cause of action.[1]
The decedent’s injury manifested itself on the date of the accident (August 16, 1974), and the heart attack was diagnosed immediately. Mr. Belvin became totally disabled at that moment. Therefore, suit for the personal claim of the decedent for workmen’s compensation payments and medical expenses had to be filed within one year from August 16, 1974.[2] See Allen v. Milk Haulers, Inc., 278 So.2d 871 (La.App. 1st Cir. 1973). LSA-R.S. 23:1209.
Appellant also contends, but we disagree, that LSA-R.S. 23:1209 and 1231 are in conflict. Section 1231 reads as follows:
“For injury causing death within two years after the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for *440 support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident.”
As was stated in Connell v. United States Sheet and Window Glass Company, 2 La. App. 104 (La.App. 2nd Cir. 1925), Section 1231 creates a right of action to the dependents of the employee, whereas Section 1209 is a statute of prescription which applies to claims created by other sections of the Act. We agree, and reiterate for emphasis that there is no authority, statutory or jurisprudential, which supports plaintiff’s contention that prescription on the employee’s personal claim for workmen’s compensation benefits commences to run on the date of death, as opposed to the date of the accident (or its extension under the “development of injury” theory.)
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.

AFFIRMED.

. It is to be remembered that plaintiffs claim for dependency benefits (LSA R.S. 23:1231) is still viable in the district court, the exception of prescription in that regard having been overruled. We express no opinion on this portion of her claim inasmuch as that issue is not before us at this time.

. We consider that the one year limitation herein is applicable to a claim for medical expenses, as it is to compensation payments. Brown v. Travelers Insurance Company, 160 So.2d 776 (La.App. 4th Cir. 1964).