ROGERS, Judge.
Plaintiff, Rene Allemond, Sr., in his capacity of Administrator of the estate of his minor child, Emily Allemond, took a devolu-tive appeal from the trial court judgment rejecting plaintiff’s allegations of negligence against defendants, Sam Guidry, Edward “Dagwood” Frederick, and Clarence Marcel, and the Town of Arnaudville.
The original suit was also brought by Rene Allemond, individually. However, when it was established that he could not proceed in forma pauperis, on joint motion of counsel for all parties, this matter was dismissed as to Rene Allemond, individually-
Plaintiff contends that defendants, Police Chief Sam Guidry, Edward “Dagwood” Frederick and Clarence Marcel, all policemen of the Town of Arnaudville, acted negligently in the performance of their duty by making a false arrest on Rene Allemond, Sr., and others, by the use of mace in making the arrest, thereby causing injuries to his five month old child, Emily Allemond, on June 22, 1974. It was also alleged that the child suffered bronchitis and conjunctivitis as a result of the spraying of the mace by the police officers.
The facts leading up to the incident in question appear to be an alleged attempt assault by one Leonard Guidry, on one of the plaintiff’s daughters. The plaintiff and his witnesses testified that after the alleged assault, Leonard Guidry was supposedly seen on the roof of plaintiff’s house, which precipitated the call to the Arnaudville police department for assistance. Upon arriving at the Allemond home, the police found a lively party in progress; however, upon being advised about the complaint against Leonard Guidry, it was discovered that Leonard Guidry was out of town. The plaintiff and his witnesses, who were guests at his party, were apparently dissatisfied with the help of the police officers and because of the police officer’s insistence in *1300 arresting plaintiffs daughter, proceeded to abuse and insult the officers which culminated in some arrests.
The record shows the testimony of the plaintiff and his guests to have many contradictions, exaggerations and inconsistencies.
There was testimony on behalf of plaintiff that the policemen entered the house and one deliberately sprayed mace on the five month old child. The trial judge refused to believe this testimony and so do we.
The record also reveals that the police officers were threatened with bodily harm and were informed by the plaintiff’s son, Rene Allemond, Jr., that he had a shotgun and that he would use it on the officers. The police further testified that mace was used only on one occasion on the plaintiff’s son, Rene Allemond, Jr., and that this took place outside the home, a good distance from where the child was kept. There was also evidence that some drinking of alcoholic beverages was taking place.
Dr. George Prather testified that the child, Emily Allemond, probably suffered from bronchitis and conjunctivitis as a result of the contact with mace. The trial court believed that somewhere along the line, the child received “fall out” from the macing of plaintiff’s older son, Rene Alle-mond, Jr., or by coming in contact with someone who had mace on them. He rejected the testimony that one of the officers deliberately held a can of mace within one foot or two of the baby and sprayed her, rather the child’s contact was minimal according to the testimony of Dr. Prather.
We believe the issue here is whether or not the police officers were negligent in performing their duties by using mace in making a legal arrest, whereby a five (5) month old child nearby suffered from the “fall out” or an indirect application of the mace.
We find no manifest error as to the finding of facts by the trial judge, who had the opportunity to observe the demeanor of plaintiff and his witnesses and we are well aware of the weight which must be given to these conclusions given by him.
In determining whether the factual conclusions of the trier of fact are erroneous, the trial judge’s findings should not be disturbed absent some manifest error. In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Supreme Court set forth the guidelines for appellate review of factual conclusions by the trier of fact. The court held in part as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.” (at page 724).
The trial judge gave more credence to the testimony of the police officers and the surrounding evidence, and the plaintiff must prove his case by preponderance of the evidence.
Attention is directed to the case of Jackson v. City of Baton Rouge, 286 So.2d 743 (La.App. 1 Cir. 1973). This case involved an arrest by officers of the City of Baton Rouge, and the use of chemical mace in making the arrest. The evidence was in hopeless conflict as to whether the officers exercised due care, and as to whether unnecessary, unreasonable and excessive force was used in making the arrest. The trial court in resolving the conflict in the testimony held that the plaintiff must prove this case by preponderance of the evidence.
“(1) A plaintiff must establish his cause by a fair preponderance of evidence. Bougon v. Traders & General Insurance Company, 146 So.2d 535 (La.App. 4 Cir. 1962); Taylor v. Firemen’s Insurance Co. of Newark, N. J., 139 So.2d 782 *1301 (La.App. 2 Cir. 1962); Dyer v. Stephens Buick Co., 125 So.2d 185 (La.App. 4 Cir. 1960).
“In Parker v. Dixie Moving & Storage, Inc., 157 So.2d 627, 628 (La.App. 2 Cir. 1963), the Court said
“ i* * * -j. may £e 0hServed that the contradictory testimony of the witnesses cannot be reconciled and it follows that plaintiffs’ claim must fail because of a lack of a preponderance of the evidence.’ ” (emphasis added).
In this case, the trial judge also found that the only alternative that the police officers had to the use of chemical mace was the use of his night stick and other more extreme measures in making the arrest.
Another case relied on by defendants is Taylor v. City of Alexandria, 261 So.2d 92 (La.App. 3 Cir. 1972). In this case the police officers were in pursuit of a fleeing motorist in a stolen vehicle. The fleeing motorist collided with an automobile, causing the death of the plaintiff’s 14-year-old son. The plaintiffs contended that the officers were negligent in pursuing the motorist, and that by their use of unnecessary force, the death of the minor son, although caused by the fleeing motorist, was attributable to the officers. This was a Third Circuit Court of Appeal case and the court completely exonerated both the officers and the municipality and found that the pursuing officers did not act in a reckless manner, nor did they use unnecessary force.
For the foregoing reasons, the judgment appealed from is affirmed. Although this suit was brought'by plaintiff in forma pauperis, costs must nevertheless be taxed against him. LSA-C.C.P. art. 5188; Mayer v. Frank J. Reyes and Co., 138 So.2d 642 (La.App. 4 Cir. 1962); Williams v. American Marine Corporation, 212 So.2d 502 (La.App. 4 Cir. 1968).
AFFIRMED.