WICKER, Judge,
dissenting in part.
I respectfully dissent from that portion of the opinion which increases the award to St. Paul in the amount of $62,558.45.
Appellant argues that the trial judge was manifestly erroneous in failing to award full recovery of the worker’s compensation and benefits paid to Veal in light of the testimony at trial.
Veal testified that on August 9, 1983 he was involved in an automobile accident while he was transporting a patient. He was injured in the course and scope of his employment for the alleged defendants. Dr. Bert R. Bratton, a neurologist, testified that he saw Veal on August 15, 1983 for these injuries. Their testimony also reflects that on August 14, 1983 while Veal was pushing a stretcher at work, he developed numbness and pain of the right arm.
At trial, the trial judge correctly noted the crucial issue in the case when he stated that the two separate incidents have “very candidly been the problem with the whole case and why it has not been able to be disposed of.” He considered Dr. Bratton’s testimony to be the “key” to determining the relationship of the two separate occurrences to the injuries sustained.
At the conclusion of the trial, he stated that:
The medical testimony is the primary testimony upon which I will base my decision. The doctor candidly testified it was difficult to assess percentages, but if he had it would be fifty-fifty percent as to the automobile accident and the pushing of the stretcher incident, that apparently took place the same month. I weigh heavily his testimony and rely heavily on it.
Dr. Bratton testified that he did not think that the disc which required surgical intervention was in that necessitous condition when he saw Veal subsequent to the automobile accident. He noted that Veal would have had significant arm pain following the automobile accident had there been a disc rupture impinging upon the nerve root. He found significant the fact that the arm pam only occurred following the stretcher incident.
While he admittedly expressed difficulty in attempting to assign percentages to the two incidents in terms of their relation to the injuries sustained, he nonetheless did so. He found that each incident played an equal role in getting Veal to the point of needing surgery.
We find no manifest error in the trial judge’s relying on the testimony of the only expert to testify at trial and in his relying on the percentages given by Dr. Bratton. Moreover, the legal conclusion that St. Paul was not entitled to full reimbursement is also supported by the jurisprudence which holds that whether or not an accident is the legal cause of the injury depends upon whether it changes the victim’s condition so as to render him disabled and unfit for employment. Royer v. Cliffs Drilling Co., Inc., 465 So.2d 11 (La.App. 3rd Cir.1984); Allen v. Milk Haulers, Inc., 278 So.2d 871 (La.App. 1st Cir.1973).
In the instant case Veal continued to perform his duties at the hospital with no restrictions. However, when the stretcher incident occurred he was then advised to discontinue engaging in such activities. Therefore, the accident did not render him disabled and unfit for employment.
Since the automobile accident only accounted for 50% of the injuries, then St. Paul is only entitled to recover 50% of the amounts paid. Joyce Cacioppe, a claims’ representative for St. Paul, testified that the total amount of compensation and benefits paid to Veal was $63,558.45. Fifty percent of that figure would be $31,779.23 instead of the $30,000.00 awarded to St. Paul.
Accordingly the judgment should be amended to award St. Paul $31,779.23 instead of the $63,558.45 awarded by the majority.