DOMENGEAUX, Judge.
This is a suit in tort, filed on November IS, 1973, for personal injuries allegedly suffered by the plaintiff, Mrs. Myrtle Newton, in November, 1972, while acting as a nursing aid to Mrs. Edith Bradford, a 79 year old invalid living in the home of her daughter and son-in-law, Mr. and Mrs. William Sovia. The original defendants were Mrs. Bradford, Mr. Sovia, and Zurich Insurance Company, the latter having issued a homeowners insurance policy to Mr. Sovia. ■ Subsequently, an exception of no cause of action on behalf of William Sovia and an exception of prescription on behalf of the other defendants were filed in the suit. Defendant-Sovia was later voluntarily released by the plaintiff as a party defendant. After trial on the merits, judgment was rendered in favor of the remaining defendants, dismissing plaintiff’s demands at her costs.[1] Plaintiff subsequently perfected this appeal.
The relevant facts leading up to this suit are essentially in dispute. The plaintiff’s version of the circumstances surrounding her injuries are as follows: She had been employed at the Sovia home in Alexandria, Louisiana, for some one and one-half years previous to the day in question, as a “sitter” or nurse for the 79 year old Mrs. Bradford. On or about November 20, 1972,[2] Mrs. Newton arrived at the Sovia residence about 7 o’clock A.M., made coffee, bathed Mrs. Bradford, and left the bedroom where the elderly woman was confined in a hospital bed, in order to prepare breakfast for her patient. Upon leaving the room she told Mrs. Bradford not to get out of bed and that she would be back shortly. Allegedly, when she returned, about 15 minutes later, the defendant, Mrs. Bradford, had removed herself from the bed and was standing in the doorway of the adjacent bathroom, appearing as if she might fall. Mrs. Newton immediately rushed to the elderly woman, grasping her with both arms from the rear and clasping her hands together in front of Mrs. Bradford. In attempting to get Mrs. Bradford back to the bed the invalid woman tripped, falling on top of Mrs. Newton, and causing the nurse to strike her left hip against the metal hospital bed. Mrs. Newton indicated she experienced pain in her hip area at *637 this time but that she managed to get Mrs. Bradford back into her bed and performed her regular duties the rest of that day. According to the nurse, at the end of the day she informed Mr. Sovia that both she and Mrs. Bradford had fallen and that she felt her hip had been hurt. The plaintiff indicated Mr. Sovia merely dismissed the complaint as being back problems apparently attributable to age. Plaintiff further testified that she worked for about two weeks, following the accident, although in great pain, and that she used Mrs. Bradford’s “walker”, with Mr. Sovia’s permission, to aid her in walking. On the last day which Mrs. Newton worked, around December 8th, the nurse indicated she saw Mrs. Sovia and also informed her of the accident and the surrounding circumstances, but that Mrs. Sovia did not believe her. The following morning the plaintiff allegedly telephoned Mrs. Sovia, telling her employer that she had to go to a doctor because of her pain and could not return to work at this time. The plaintiff further revealed that she visited Dr. Jack T. Cap-pel, who initially diagnosed her condition as a muscle strain, but upon x-raying her, discovered she had sustained a left hip fracture. Mrs. Newton indicated in testimony that she did not tell the doctor she had hurt her hip by falling against the bed railing but admitted she “could have” said that she had injured herself “lifting a patient”.
Mrs. William Sovia’s testimony clearly conflicted in parts with that given by the plaintiff. She stated that Mrs. Newton was hired to care for her mother, Mrs. Bradford, because she (Mrs. Sovia) was usually absent from her home between 5 :30 A.M. and late afternoon due to her required presence at a place of business which she operated in Natchitoches, Louisiana. Mrs. Sovia further indicated that her mother was bedridden due to arthritis and that at the date of the alleged incident the elderly woman was neither physically able to get out of her bed alone, nor could she even walk without help. She did testify that on previous occasions her mother had fallen and that the plaintiff had engaged help at these times from a neighbor, as well as members of the police and fire departments. Mrs. Sovia also stated that Mrs. Newton at no time advised her that she had sustained an injury in the Sovia home, nor that Mrs. Bradford had fallen. She further indicated that her mother, Mrs. Bradford, likewise had never indicated that an incident, such as alleged, took place.
William Sovia also testified that Mrs. Newton had never informed him that his mother-in-law had fallen, injuring the plaintiff. He further corroborated his wife’s testimony to the effect that Mrs. Bradford never got out of bed alone because she was physically unable, in addition to being afraid to do so.
A neighbor of the plaintiff, Mrs. Francis Roberts, testified that she saw Mrs. Newton in her yard on Thanksgiving day (November 23rd) and Mrs. Newton told her she had injured herself “lifting a patient”.
Doctor Cappel gave testimony to the effect that plaintiff had called him on November 27th, complaining of pain in her hip, and that upon examination on the following December 1st, concluded she had a muscle strain. The doctor indicated Mrs. Newton informed him only that she had injured herself while “lifting a patient”. Subsequent x-rays taken on December 18th revealed a compression type fracture of the left hip.
The trial court, after hearing the conflicting evidence and weighing the credibility of the witness, concluded that plaintiff failed to carry the burden of proving the occurrence of the alleged incident leading to her injuries. In so holding, the court found no corroborating evidence to the happening of the incident; that the plaintiff did not notify the Sovias of the alleged injury shortly after its occurrence; that Mrs. Bradford was physically in-firmed to an extreme extent at the time in question; and that considering her physi *638 cal condition it was “puzzling” as to how she could have removed herself from the bed and progressed to the bathroom door. Finally, the Court concluded that Mrs. Bradford could not have gotten out of the hospital bed without the bed rails being down and, if she did, there was fault on the part of Mrs. Newton for leaving the bed in this condition, while absent from the room.
Plaintiff appeals, alleging essentially that the district court erred in its findings of fact and in not holding the defendant, Mrs. Bradford, guilty of neglige.nce and the plaintiff absolved from any contributory negligence.
Defendants, on the other hand, contend that the trial judge was correct in his findings of fact; that Mrs. Bradford neither owed nor breached any legal duty to the plaintiff which might result in negligence; and finally, that the facts as testified to reveal that the injuries complained of occurred prior to November 15, 1972, and the action was thus prescribed at the time this suit was instituted.
Plaintiff, in the present tort suit, had the burden of proving her case by a preponderance of the evidence. The first element of proof involved the question of whether she was injured in the manner and at the place and time contended. This issue is purely a factual one, dependent almost entirely upon the credibility of the witnesses. Accordingly, the findings and conclusions of the trial judge, in this regard, are not to be disturbed unless clearly erroneous.
 There is no doubt but that Mrs. Newton sustained a hip fracture in some manner, and at some time and place. The trial court, however, determined, after reviewing the evidence and hearing the witnesses, that it was not convinced the injury to the plaintiff occurred as contended. We cannot say the district judge erred in this conclusion. However, assuming arguendo, that the incident happened under the circumstances which plaintiff alleged, she nevertheless has failed to show any actionable negligence on the part of Mrs. Bradford. Consequently, we conclude that the plaintiff has failed to prove her case and the judgment dismissing her claim is correct. By reason of this holding, the question of prescription, raised by defendants, need not be considered.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
Affirmed.

. No ruling was made on defendants’ exception of one year prescription.

. The exact date the alleged accident was supposed to have taken place is not certain. The plaintiff testified at one point explicitly that the accident occurred two weeks before Thanksgiving — the latter holiday being on November 23, 1972. At another point she stated she called her doctor a few days after the accident — said call actually taking place on November 27th. As later indicated in the opinion, plaintiff’s neighbor saw her on Thanksgiving day using the defendant’s “walker” to get around.