COVINGTON, Judge:
This suit was brought on August 5, 1974, by the plaintiff, Charley Robins, as administrator of the estate of his infant son, Reginald Robins, against the City of.Baton Rouge, Louisiana, and Roy D. Nugent, individually and as an officer of the Police Department of the City of Baton Rouge, to recover damages in the amount of $75,000.-00 for an injury allegedly sustained by the minor. The Parish of East Baton Rouge and the acting Chief of Police, Howard Kidder, were also named as defendants, but were dismissed on exceptions of no cause of action; no appeal was taken from the judgment sustaining those exceptions.
The cause of action arises out of an incident which occurred on the night of August 6, 1973, in the emergency room at the Baton Rouge General Hospital. On the night in question, Baton Rouge police officers were investigating a fight at or near a local lounge in which a woman was in *80 jured. The investigation indicated that the male suspect in the case, Isaac Byrd, III, also had been injured in the fight and was receiving treatment for his wounds at the hospital.[1] Several police officers, including defendant Nugent, were sent to the hospital to detain the suspect until a patrol unit could arrive and take him into custody. When the police tried to detain Byrd, he started to leave the hospital. The police attempted to restrain the suspect and an altercation took place, involving the police, the suspect and his family. The nurse on duty testified that at least ten persons, males and females, attacked the officer. Other witnesses estimated a lesser number. Among them (the attackers) was Mrs. Robins, sister of Byrd, wife of the plaintiff, and mother of the infant, Reginald Robins, whom she was holding in one arm. During the melee, the child received a minor laceration on his forehead which was closed by a physician in the emergency room with three very fine sutures. The plaintiff testified that, as a result of the injury, the baby “. . . sort of cried a little, you know, during the night.”
The plaintiff claims that Officer Nu-gent, while acting within the course of his employment as police officer for the City of Baton Rouge, struck the child, either intentionally or negligently, causing the injury. Both the City and Officer Nugent deny causing the injury to the child. The defendants further contend that while holding the child, Mrs. Robins voluntarily participated in the altercation, thereby recklessly exposing the child to injury, and that the mother either fell with the child or dropped him on the floor, causing any injury that the child might have sustained.
The case was tried on May 30, 1975; judgment was rendered on June 4, 1975, in favor of the defendants, dismissing the suit and assessing the plaintiff with all costs, including the expert witness fee of a physician. The plaintiff has devolutively appealed this judgment.
The record reflects that the child’s mother testified that the child was hit in the head while she was holding him in her right arm. She said that the child was struck when defendant Nugent swung his blackjack[2] in an attempt to strike her. No other witness indicates that defendant Nu-gent made any attempt to hit Mrs. Robins. In fact, each of the plaintiff’s witnesses gives a different version of the incident.
Officer Nugent testified that he was attacked by several members of Byrd’s family when he attempted to restrain Byrd, knocking him to the floor, and that Mrs. Robins kicked him as he lay on the floor. The officer denied hitting the child. He said he did not have a nightstick, that his blackjack was lost in the scuffle and that it was not returned to him until after-wards. He testified that he did not use his blackjack during the altercation, that he was occupied trying to handcuff the suspect and to defend himself. Nugent’s testimony is corroborated by Officers Payne and Gomez. Officer Phares talked with the child’s mother, who told him that she did not know how the injury to the child occurred. She told him that she might have been shoved against the wall, which could have injured the child.
The trial judge, in his oral reasons for judgment, concluded that the evidence did not prove that Officer Nugent had struck the child.
On the question of liability, the appellant has cited three cases. Taylor v. City of Baton Rouge, 233 So.2d 325 (La.App. 1st Cir. 1970), writ refused, 256 La. 255, 236 So.2d 32, dealt with an unjustified intentional assault by a police officer in making an arrest. The facts are palpably different *81 from those in the instant case. Mullins v. Pence, 290 So.2d 803 (La.App. 1st Cir. 1974), writ denied, 294 So.2d 547, does not support the plaintiff’s position. The Mullins case follows our jurisprudential rule that unreasonable force cannot be used to repel aggression; under the particular facts of that case, the force used was considered to be reasonable. Tripoli v. Gurry, 253 La. 473, 218 So.2d 563 (La.1969), was a case involving the same principle as Mullins, the use of reasonable force to repel aggression. The court found that the plaintiff had become the aggressor when he pursued the defendant who had retreated, but that the defendant had used excessive force when he struck the plaintiff after the plaintiff had fallen down.
Also, the appellee has cited two cases on the question of the reasonableness of the force used, Jackson v. City of Baton Rouge, 286 So.2d 743 (La.App. 1st Cir. 1973), writ refused 290 So.2d 330 (1974) and Graham v. Ogden, 157 So.2d 365 (La.App. 3rd Cir. 1963).
It is not necessary for us to consider the applicability of these cases, as there is no factual finding that Officer Nugent struck the child.
The case of Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), sets out the principle of appellate review of facts as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
We feel, after reviewing the evidence, that the trial court’s judgment meets the Canter test of reasonableness. Also, see: Vaughn v. Earthly, 313 So.2d 347 (La.App. 3rd Cir. 1975), writ refused, 318 So.2d 52; Newton v. Zurich Ins. Co., 311 So.2d 635 (La.App. 3rd Cir. 1975); Braud v. Kinchen, 310 So.2d 657 (La.App. 1st Cir. 1975); Doucet v. State Department of Highways, 309 So.2d 382 (La.App. 3rd Cir. 1975), writ refused, 312 So.2d 340.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. He testified that a woman had cut him with a bottle.

. Officer Nugent explained that a “nightstick” is the same thing as a “billy club”, while a “blackjack” is the same as a “beaver tail” or a “sap.”